[Andrews *et al.* v. Mather, Trustee.]

# Andrews *et al. v.* Mather, Trustee.

*Bill in Equity by Trustee in Bankruptcy to set aside as
Fraudulent and Void a Conveyance by a Bankrupt.*

1. *Bill to set aside fraudulent conveyance; sufficiency of averments
   as to fraud.*—A bill filed by a creditor to set aside as fraudu-
   lent and void a conveyance by a debtor, which avers that on a
   certain day the said debtor being indebted to the complainant
   in the manner stated in the bill, and being then insolvent did,
   with intent to hinder, delay and defraud his creditors, execute
   a conveyance of certain specifically described lands to his wife,
   and that said conveyance was purely voluntary and was made
   to the debtor's wife without consideration, and that the same
   is fraudulent and void, is sufficient in its averments to show
   that said conveyance sought to be set aside was fraudulent as
   against the creditors of the grantor.

2. *Fraudulent conveyance; trustee in bankruptcy can maintain suit
   to set same aside.*—Under the bankrupt law approved July 1,
   1898, the trustee or assignee of the estate of a bankrupt, upon
   his appointment and qualification, is vested with the title to
   the property transferred by the bankrupt in fraud of his
   creditors; and as such trustee can, in those cases where the
   creditors of the bankrupt could have contested and avoided the
   validity of the conveyance, maintain a bill in equity in the
   State courts to set aside as fraudulent and void conveyances
   made by the bankrupt debtor in fraud of his creditors, for the
   purpose of recovering property so conveyed, in order that it
   may be applied to the claims of the creditors of the bankrupt;
   and such conveyances may be so avoided by the trustee or as-
   signee, although made more than six months before bank-
   ruptcy.

3. *Same; same.*—In this State, it is no objection to the maintenance
   of such a bill in equity by a trustee or assignee of the estate
   of a bankrupt, that under the Federal constitution and laws
   such a bill could not be maintained in the United States court
   in advance of a proceeding at law, either to establish the vali-
   dity and the amount of the debt, or to enforce its collection,
   in which proceeding the debtor is entitled to a trial by jury;
   since under the statute of this State (Code, § 818) a simple

contract creditor without a lien may file a bill in chancery to subject to the payment of his debt any property fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor.

4. *Same; same; jurisdiction of State chancery court.*—Under the provisions of section 23 of the Bankrupt Act, that suits by trustees shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them, if proceedings in bankruptcy had not been instituted, the chancery courts of this State have jurisdiction of a bill filed by a trustee in bankruptcy, seeking to have set aside and annulled as fraudulent and void a conveyance of property by the bankrupt; and the jurisdiction of such suits is not restricted to the Federal courts.

5. *Same; same; same.*—Where a suit in a chancery court of this State to set aside and have annulled an alleged fraudulent conveyance, is prosecuted by a trustee in bankruptcy, on the order granted by the district court declaring the debtor a bankrupt, there is, and can arise, no conflict of jurisdiction between the Federal and State courts in such a proceeding.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. WILLIAM H. SIMPSON.

On the 18th day of April, 1898, Jas. A. Andrews conveyed to his wife, Tabitha M. Andrews, "in consideration of the love and affection which the party of the first part has and bears for the party of the second part, and the further consideration of one dollar in hand paid, receipt whereof is hereby acknowledged," a tract of land lying in Lauderdale county, Ala., described in said deed by metes and bounds, and containing about 137 acres more or less. On the 9th day of August, 1899, James A. Andrews filed his petition in bankruptcy in the United States court for the Eastern District of Louisiana, in bankruptcy, and was duly adjudicated a bankrupt, and thereafter the complainant was appointed trustee in bankruptcy of the said Andrews. On the 18th day of April, 1898, (the date of the alleged fraudulent conveyance) the said Andrews was indebted to Smith Bros. Co., limited, in the sum of $1,803.48, which is still due and unpaid, and on said date he was likewise indebted to Sherbourne & Schlater in the sum of $762.71, which is still due and unpaid; both of said sums were due on the date of said conveyance by Andrews to his wife.

[Andrews *et al.* v. Mather, Trustee.]

On June 12, 1900, the appellee, James F. Mather, as trustee in bankruptcy of James A. Andrews, filed in the chancery court of Lauderdale county, the present bill, seeking to set aside the conveyance made by Andrews to his wife as being fraudulent and void. The bill averred the facts as above stated, and in reference to the conveyance contained the following averments: "That on the 18th day of April, 1898, the said James A. Andrews, then being indebted to the complainants in the manner and form as hereinbefore set out, and then being insolvent and with intent to hinder, delay and defraud his creditors made and executed a deed of conveyance to his wife, atempting to convey to her a large and valuable tract of land in" Lauderdale county. Then follows a description of the lands described in said conveyance. It was averred in the bill that said conveyance was purely voluntary and was made to the said Tabitha M. Andrews without consideration, and complainant alleges that the same "is fraudulent and void, and that said deed should be cancelled, set aside and held for naught, and that your honor should decree that said lands should be sold for the payment of the debts of the said James A. Andrews." The bill further averred "That said Joseph S. Mather is over the age of twenty-one years and resides in New Orleans, Louisiana; that at a meeting of the creditors of the bankrupt defendants held at the office of Hon. F. D. Chretian, referee in bankruptcy, on the 5th day of March, 1900, the creditors unanimously recommended 'that the said Joseph S. Mather be authorized to institute suits as may be necessary to recover property supposed to belong to the said bankrupts, and more particularly certain real estate situated at or near Florence, Alabama, and to that end may employ counsel as may be necessary and to incur the necessary costs therein.' * * * That upon such recommendation the court gave judgment accordingly authorizing the said Joseph S. Mather as trustee to institute all necessary suits for the recovery of property fraudulently conveyed by said bankrupts."

The prayer of the bill was that a decree be rendered declaring the said conveyance made by James A. An-

[Andrews *et al.* v. Mather, Trustee.]

drews to his wife to be fraudulent and void; that the same be set aside and cancelled; that the lands described therein be sold under a decree of the court, and the proceeds of such sale, after paying the costs of the court, be paid over to the complainant as trustee in bankruptcy of the said James A. Andrews to be by him applied to the payment of the debts of said Andrews under an order of the court wherein said bankrupt estate was being administered. There was also a prayer for general relief.

To this bill the defendants demurred upon the following grounds: "1st. That the complainant has a plain, adequate and complete remedy at law for the recovery of the property described in the bill. 2d. That if the complainant has any remedy at all it is at law, and the same is plain, adequate and complete. 3d. That the Act of Congress relating to bankruptcy, if it gives the complainant any remedy at all, gives him the right to recover the property in the bill described, or its value, and does not give him the right to file a bill in the chancery court to set aside the conveyance from James A. Andrews to the defendant, Tabitha M. Andrews, and subject the property in the bill described to the payment of the debts described in the bill and other debts of James A. Andrews. 4th. That whatever right complainant has to file his bill in the chancery court to set aside the conveyance of the lands described in the bill from James A. Andrews to Tabitha M. Andrews is only such right as the creditors of said James A. Andrews have and had under the Acts of Congress relating to bankruptcy, and the bill does not allege or show that the creditors in the bill mentioned or any other creditor of said James A. Andrews have or had any right to file a bill to set aside said conveyances. 5th. That the bill does not allege or show that the creditors in the bill described or any other creditor of the said James A. Andrews are judgment creditors. 6th. That the bill and exhibits thereto show that the conveyance from James A. Andrews to Tabitha M. Andrews was made prior to the Acts of Congress relating to bankruptcy. 7th. That the bill shows that the conveyance from James A. Andrews to Tabitha M. Andrews which the bill seeks to

[Andrews *et al.* v. Mather, Trustee.]

set aside and annul was made prior to the passage of the Acts of Congress relating to bankruptcy. 8th. That the bill shows that the conveyance from James A. Andrews to the defendant, Tabitha M. Andrews, on the 18th day of April, 1898, and the bill in this case was filed on the 12th day of June, 1900. 9th. That the bill does not allege or show that the creditors of James A. Andrews mentioned in the bill or any other creditor of said Jas. A. Andrews have proven their claims in bankruptcy in the said proceeding which James A. Andrews was adjudicated a bankrupt. 10th. That the bill does not allege or show any fact or facts which show the conveyance from said James A. Andrews to Tabitha M. Andrews to be fraudulent in fact. 11th. That the bill alleges that the conveyance from said James A. Andrews to Tabitha M. Andrews was made with intent to hinder, delay and defraud the creditors of said James A. Andrews, and does not allege or show the facts which stamp such conveyance as fraudulent."

On the submision of the case upon the demurrers, the chancellor rendered a decree overruling them. From this decree the defendants appeal, and assign the rendition thereof as error.

SIMPSON & JONES, for appellant.—The bankrupt act authorizes the trustee to avoid any transfer of the bankrupt that any creditor might avoid, *and authorizes the recovery of the property so transferred or its value.* Brandenburg on Bankruptcy, p. 720, § 49e. It will be observed that the act authorizes the *recovery of the property or its value.* It does not say that he may go into the chancery court to set aside a conveyance, and have the property sold to pay creditors. The right to recover the property or its value would of necessity deny the right to the present suit in chancery, for in that case the remedy is at law.

But if the act gives the trustee the right to come into equity to set aside this conveyance, the bill does not show that the creditors of Andrews are *judgment creditors.* In other wards, the act clothes the trustee with such rights as any creditor had, and no other.

[Andrews *et al.* v. Mather, Trustee.]

This being the case, we say that the bill must show that the creditors of Andrews are judgment creditors. It is held by the Supreme Court of the United States that only a judgment creditor can file a bill to set aside a fraudulent conveyance.—*Scott v. Neeley,* 140 U. S. S. C. Rep. 106; *Oates v. Allen,* 149, U. S. S. C. Rep. 451; *Hollins v. B. C. I. Co.,* 150 U. S. S. C., 371.

JOHN B. WEAKLEY, *contra.*—The bill sufficiently alleges the facts which stamp the conveyance of Andrews to his wife as fraudulent. A general averment of facts from which unexplained the conclusion of fraud arises is sufficient; the facts and circumstances need not be minutely set out.—*Buford v. Steele,* 80 Ala. 147; *Jones v. Massey,* 79 Ala. 370; *Frey v. Fenn,* 126 Ala. 291; Bradenburg on Bankruptcy, p. 398.

The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification shall in turn be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, to * * * * property transferred by him in fraud of his creditors. Bankruptcy Act, § 70; Foster on Bankruptcy, § 239 and authorities cited; 16 Am. & Eng. Ency. of Law (2d ed.), 732, and citations.

The trustee can also sue to recover land conveyed by the bankrupt, although the conveyance was not made within the time limited before the commencement of bankruptcy proceedings, if the conveyance was fraudulent as to creditors at common law.—*Smith v. Ely,* No. 13044, Fed. Cas., p. 542; Black on Bankruptcy, p. 265, and cases cited; Brandenburg on Bankruptcy, p. 446; Loveland on Bankruptcy, § 158, note page 297.

The trustee may avoid any transfer by the bankrupt of his property, which any creditor of such bankrupt might have avoided, and may recover the property so transferred from the person to whom it was transferred. Foster on Bankruptcy, § 251; Brandenburg on Bankruptcy, p. 444.

The act clothes the trustee with the entire title notwithstanding such transfer or conveyance and makes it

[Andrews *et al.* v. Mather, Trustee.]

his duty to invoke proper jurisdiction to annul the fraudulent transfer. The trustee can avoid any conveyance which a creditor could have avoided.—Note to Sec. 251, Foster on Bankruptcy, citing *Beavis v. Garner*, 12 Ala. 661, overruled by *Ashley v. Robinson*, 29 Ala. 112; No. 11375 Fed. Cas.; Collier on Bankruptcy, p. 420; Loveland on Bankruptcy, §§ 157-158.

The right of action in the trustee to recover assets or property which the bankrupt has fraudulently conveyed prior to the adjudication, is exclusive.—Black on Bankruptcy, p. 266; *Glenny v. Langdon*, 98 U. S. 20; *Trimble v. Woodhead*, 102 U. S. 647; Loveland on Bankruptcy, § 203, p. 448.

Property conveyed by a bankrupt prior to filing his petition, by deed of assignment, fraudulent as to his creditors vests in the assignee in bankruptcy.   *   *   *   *   *   *   The assignee is an officer created for the benefit of creditors, and it would seem, should be permitted to regard property fraudulently conveyed in the same way in which creditors are permitted to regard it.—*Ashley, Admr., v. Robinson*, 29 Ala. 124-5.

HARALSON, J.—1. Section 818 of the Code provides, that a creditor without a lien may file a bill in chancery to subject to the payment of his debt, any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed, by his debtor.

The averments of the bill in this case are full and sufficient to show that the conveyance sought to be set aside was fraudulent against the creditors of the grantor. They fully advise the defendant that the *bona fides* of the conveyance is assailed for fraud, and in what the fraud consists.—*Burford v. Steele*, 80 Ala. 147.

2. The bankrupt law, approved July 1, 1898, vests in the trustee of the estate of the bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, among other things, "property transferred by him in fraud of his creditors." Section 70, sub-division 4 under that section; Loveland on Proceedings in Bankruptcy, 825.

[Andrews *et al.* v. Mather, Trustee.]

This law, as seems to be well settled in Federal and State courts, gives to the assignee or trustee the right to sue to set aside conveyances made by the debtor in fraud of his creditors, and vests in him the title of the property recovered,in order that it may be applied to the claims of creditors, and makes it his duty to do so. Such conveyances may be avoided although made more than six months before bankruptcy.—16 Am. & Eng. Ency. Law (2d ed.), 732, 746 and authorities there collated; Brandenburg on Bankruptcy, 444-446; Loveland on Pro. in Bankruptcy, §§ 157, 158, pp. 296, 297; Black on Bankruptcy, 265; Collier on Bankruptcy, 420; *Pratt v. Curtis,* Fed. Cases, No. 11375. Although property which has been fraudulently conveyed ceases to belong to the grantor, so far as any claim he himself can set up is concerned, yet the law regards property which has been fraudulently conveyed, as still the property of the grantor, so far as creditors are concerned. The assignee in bankruptcy is an officer created for the benefit of creditors, and he is permitted to regard property fraudulently conveyed in the same way in which creditors are permitted to regard it.—*Ashley v. Robinson,* 29 Ala. 112, 125. "Whenever the creditors could have contested the validity of a conveyance, the trustee, as their representative, can and should do so. No lien or conveyance which is invalid as to creditors, has any validity as against a trustee. As the representatives of creditors, the trustee of the bankrupt may sue debtors of his bankrupt whose claims have been preferentially and collusively released. The trustee is in no way affected by the illegal or fraudulent acts of the bankrupt, if creditors would not be affected by them."—Collier on Bankruptcy, 420.

3. It is contended by the appellant, that because the act provides (section 70, subdiv. 6), that the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value, prior to the date of the adjudication,—that this provision confines the trustee to a suit at law for such recoveries,

and precludes him from a suit in chancery to set aside
a conveyance for fraud, and have the property sold to
pay creditors. But this contention is without founda-
tion. Such a suit is by statute maintainable in equity
in this State.—Code, § 818. Whatever may be the rule
of practice on the subject in the Federal courts, this
right, under the laws of this State, is nowhere denied.
This is a new, equitable right created by the State, not
opposed to the Federal Constitution or laws. As to
whether a simple contract creditor may maintain a suit
of this character in the Federal courts, the Supreme
Court of the United States say: "The general proposition,
as to the enforcement in the Federal courts of new
equitable rights created by the States, is undoubtedly
correct, subject, however, to this qualification,—that
such enforcement does not impair any right conferred,
or conflict with any inhibition imposed, by the Constitu-
tion or laws of the United States. Neither such right,
nor such inhibition can be in any way impaired, how-
ever fully the new equitable right may be enjoyed or
enforced, in the States by whose legislation it is cre-
ated. The Constitution, in its Seventh Amendment de-
clares that "in suits at common law, where the value in
controversy shall exceed twenty dollars, the right of
trial by jury shall be preserved.' In the Federal courts,
this right cannot be dispensed with, except by the assent
of parties entitled to it, nor can it be impaired by any
blending with a claim, properly cognizable at law, of
a demand for equitable relief in aid of the legal action,
or during its pendency. Such aid must be sought in
separate proceedings, to the end that the right to a trial
by a jury in the legal action may be preserved intact.
*  *  *  Whatever control the State may exercise
over proceedings in its own courts, such a union of
legal and equitable relief in the same action, is not al-
lowable in the practice of the Federal courts."—*Scott v.
Neely*, 140 U. S. 106; *Hollis v. Briarfield C. & I. Co.*,
150 U. S. 371.

So it was held in the first case cited,—and that was
as far as the principle announced extends,—that the
circuit court of the United States in Mississippi could

not, under the operation of the statutes in that State, take jurisdiction of a bill in equity to subject the property of a defendant to the payment of a simple contract debt, in advance of any proceedings at law, either to establish the validity and amount of the debt, or to enforce its collection, in which proceeding the defendant, under the Constitution of the United States is entitled in a Federal court to a trial by jury. But it is not there, or elsewhere decided, so far as we are aware, that such State statutes, in their enforcement in the State courts, offend the Federal Constitution or laws.

4. It is again contended, that the chancery court of the State, has no jurisdiction of the bill in this case, and that complainant's remedy, whatever it may be, must be sought in a Federal bankrupt court. Section 24 of the Bankrupt Act is headed *"Jurisdiction of the United States and State Courts,"* and provides, (a), "The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only, as though bankruptcy proceedings had not been instituted and such controversies had between the bankrupts and such adverse claimants." (b.) *"Suits by trustees, where brought.* Suits by trustees shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

Mr. Loveland in discussing these provisions, in the light of other bankrupt acts, and the adjudications on them, says: "The title of section 23 in the act is, 'Jurisdiction of United States and State Courts.' There was no express recognition of jurisdiction in State courts in the act of 1867. The courts, however, construed that act as not taking away any jurisdiction of the State courts at law or in equity. The title and section 23 undoubtedly recognize a similar jurisdiction in the State courts. Section 23 does not purport to take away any jurisdiction in law or equity which would

[Andrews *et al.* v. Mather, Trustee.]

otherwise exist in the United States circuit or State courts. It is in the nature of a recognition of it," etc., etc. (citing *Eyster v. Gaff*, 91 U. S. 521; *Lathrop v. Drake*, 91 U. S. 516).—Loveland on the Law of Bankruptcy, 72.

Again, the same author observes (490, 491), as to proceedings to set aside fraudulent conveyances: "Such proceedings are not, ordinarily speaking, strictly proceedings in bankruptcy. Such cases are in the nature of actions at law of ejectment, trover, etc., or suits in equity to set aside a fraudulent conveyance,   *   *   * Suits of this character may be brought in the State courts."

Upon the same subject, Brandenburg states the rule to be: "Where the property in controversy at the time the debtor is adjudged bankrupt is in the actual possession of a third person claiming absolute title to the same, the question of ownership, if the same is claimed by the assignee, must be determined by a suit in equity, or by an action at law.   *   *   * A State court passing upon claims of an assignee is not a proceeding under the Bankrupt Act, but simply recognizes that act as the source of the assignee's title, in like manner as it would if such title were derived from a contract or deed."—Bradenburg on Bankruptcy, 445; Black on Bankruptcy, 124, 125.

5. The trustee in this case is proceeding in the State court to set aside the alleged fraudulent conveyance, on an order granted by the district court of the United States for the eastern district of Louisiana, for the trustee to institute this suit for the recovery of the property in question. There is, and can arise, therefore, no conflict of jurisidiction between the Federal and State court in the proceeding.—*Turrentine v. Blackwood*, 125 Ala. 436.

The demurrer to the bill was properly overruled. Affirmed.