# Davis *v.* Vandiver & Company.

*Creditor's Bill to set aside Conveyance as Fraudulent.*

1. *Equity; pleading; parties.*—While it is a rule of law, that all persons having a joint interest must join in the action as plaintiffs, in equity the general rule is, that it is sufficient if all the parties interested in the subject of the suit, are before the court, either as plaintiffs or defendants.

2. *Same; same; bankruptcy.*—Where, after the filing of a bill to subject property to a claim of the complainant, a defendant is adjudicated a bankrupt, his trustee in bankruptcy is a necessary party defendant.—(*Andrews v. Mather*, 134 Ala. 358 *distinguished.*)

3. *Same; same; same.*—While the trustee of a bankrupt holds the legal title, the creditors are nevertheless interested in a realization upon the assets of the bankkrupt, and the trustee cannot complain because of the fact that the creditors are willing to aid him in locating and getting under control assets which he might, intentionally or unintentionally, permit to escape.

APPEAL from Chancery Court of Butler.

Heard before the Hon. W. L. PARKS.

The bill was filed in this cause by W. F. Vandiver and others, claiming to be creditors of J. H. Davis. The bill alleged that conveyances of certain lands had been made to Laura Davis, the wife of J. H. Davis, but that, in fact, J. H. Davis purchased the lands, and the conveyance was made to his wife for the purpose of hindering, delaying or defrauding his creditors. J. H. Davis, Laura Davis, and the alleged fraudulent grantors were made defendants. Subsequent to the filing of the bill, J. H. Davis was duly adjudicated a bankrupt, and J. Lee Long appointed his trustee. Thereupon, the said trustee was made by amendment a party defendant. Original defendants demurred to, and moved to dismiss the bill as amended, on the grounds that the trustee was improperly made a party defendant.

The demurrers and motion to dismiss were overruled, and defendants appealed.

PEARSON & RICHARDSON and R. B. SMYTHE, for appellant.—The beneficiaries under a trust should first call on the trustee to act, or show a sufficient reason for not doing so, before they can file a bill to enforce their equitable rights.—*Arnet v. Bailey*, 60 Ala. 435; *Bridges v. Phillips*, 25 Ala. 136. A beneficiary under a trust cannot sue the trustee for a thing he holds in trust for him, unless the trustee is failing to do his duty.

POWELL & HAMILTON and L. L. STEINHART, *contra.* (No brief on file.)

ANDERSON, J.—This appeal is prosecuted from decrees of the chancellor, overruling demurrer and motion to dismiss the bill as originally filed and as amended.

The assignment of error based on the ruling as to the original bill is abandoned in counsels' brief, but they insist that the chancellor erred in overruling demurrer and motion aimed at the amended bill.

A bill was filed in this case against the debtor and his alleged fraudulent grantees, to set aside certain conveyances. The bill was subsequently amended by averring that, since the filing thereof, the debtor had been adjudged a bankrupt, and his trustee Long was made a party defendant, and it is upon the propriety of this amendment, that the facts of the demurrer and motion hinge.

While it is a rule of law, that all persons having a joint interest, must join in the action as plaintiffs, in equity the general rule is, that it is sufficient if all the parties interested in the subject of the suit are before the court, either as plaintiffs or defendants.—*Parkman v. Aicardi*, 34 Ala. 393.

In the case at bar, the debtor was a necessary party defendant, and, when he obtained a discharge in bankruptcy, his trustee in bankruptcy became a necessary party defendant.—*Harris v. Moore*, 72 Ala. 507.

Respondent seems to rely upon the case of *Andrews v. Mather*, 134 Ala. 358, and section 70 of the bankruptcy act of 1898 to support the contention that the trustee in bankruptcy is not only an improper party defendant, but is the only one who can maintain this suit.

In *Andrews v. Mather, supra,* the Court held, that the bankrupt law vested in the trustee, upon his appointment and qualification, property transferred by the debtor in fraud of his creditors, citing section 70 of the bankrupt act of 1898, and that he had the right to bring the suit. It is to be observed, however, that the bill in said case was filed by the trustee, and, as a matter of course, after the debtor became a bankrupt.

In the case at bar there was a *lis pendens,* and as was held in *Kimberling v. Hartly,* 1 Fed. Rep. 577, "The creditor had the right to proceed to satisfaction in the state court, unless he was stayed by some appropriate, affirmative action by the assignee of the bankrupt court."

All of the authorities cited in this opinion relate to the old bankrupt law of 1867, but are in a large degree applicable to the case at bar. The title of the trustee and his right to sue under section 70 of the act of 1898 is quite similar to the title and rights derived under section 14 and 55 of the act of 1867.

These views are in thorough harmony with the rights of the trustee. While he has the legal title, the creditors are nevertheless interested in a realization upon the assets of the bankrupt, and the trustee cannot complain, because of the fact that the creditors are willing to aid him in locating and getting under control assets which he might, intentionally or unintentionally, permit to escape.

The ruling of the chancellor was free from error.

Affirmed.

McClellan, C. J., Tyson and Simpson, J.J., concurring.