[Stevenson v. Bird, et al.]


# Stevenson *v.* Bird, *et al.*

### . Bill to Subject Choses in A|ction to the Claim of Creditors.

(Decided April 14, 1910.   Rehearing denied June 30, 1910.
53 South. 93.)

1. *Lis Pendens; Filing of Bill; Effect.*—The filing of a creditors bill to subject choses in action charged .to have been fraudulently transferred brought them within the control and jurisdiction of the court, and created a sufficient equitable lien thereon.

2. *Bankruptcy; Discharge; Plea; Intendment.*—No intendments being indulged in favor of a plea of a decree of a discharge in bankruptcy as an answer to a creditor's bill to subject choses in action alleged to have been fraudulently transferred, it will not be presumed that the bill was filed within four months before the petition in bankruptcy.

3. *Same; Discharge; Effect.*—A discharge in bankruptcy over the objections of creditors on the ground of fraudulent conveyances merely involves a finding of no fraudulent conveyance within four months before the filing of the petition in bankruptcy, and bars a personal decree against the bankrupt, but did not affect liens which accrued prior to such a period upon property not brought into the bankruptcy court, nor did it oust the chancery jurisdiction to proceed to a decree enforcing the lien for the benefit of creditors.

4. *Same; Power of Trustee; Suits.*—A trustee in bankruptcy can-not maintain a bill for the benefit of one creditor or for the benefit of a less number than all the creditors.

Appeal from Morgan Chancery Court.

Heard before Hon. W. H. Simpson.

Bill filed by W. P. Hofferbert against C. H. Bird and cthers to subject certain choses in action to complainant's debt.   An order was made substituting Richard L. Stevenson, trustee in bankruptcy of the said C. H. Bird as the party complainant.   From a decree sustaining the sufficiency of the plea the complainants appeal. The plea referred to is the same plea set out in the statement of facts in the case of *Stevenson, Trustee v. Bird ct al. infra* 363, 53 South. 92.   Reversed and remanded.

E. W. GODBEY, and GEO. P. BONDURANT, for appellant. The court erred in holding the plea sufficient.— *Metcalf v. Baker*, 187 U. S. 165; *Upshur v. Briscoe*, 138 U. S. 365; *Moyer v. Dewey*, 103 U. S. 301; *Flint v. Chalaupka*, 111 N. W. 465. No res adjudicata was shown.—2 Rem. on Bankcy. 1764.

WERT & LYNNE, for appellee. Counsel discuss the assignments of error, and insist that the bill could not be maintained because for the benefit of only one creditor, and for the further reason that the bankrupt had been discharged, and hence, the trustee had no further office to perform.

SAYRE, J.—Early in December, 1904, one Hofferbert brought his creditors' bill against appellees to subject certain choses in action alleged to have been fraudulently transferred by Bird to his wife and used by her in the purchase of stock of an "ostensible corporation" organized for the purpose of covering the scheme. Six months later the bankruptcy of Bird was suggested, and in 1906 the chancery court made an order substituting appellant, as trustee in bankruptcy of Bird, as party complainant, and directing that the cause proceed in his name. In 1908 defendant filed a plea setting up that Bird had been adjudicated a bankrupt on May 1, 1905, and that upon his application for a discharge the creditors of his estate had filed specifications of opposition on the ground, among others, that "said C. H. Bird had transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, a part of his property with intent to hinder, delay, or defraud his creditors." The plea avers that upon issue joined and evidence taken the court of bankruptcy decreed Bird's discharge.

That decree was pleaded as a bar to the further maintenance of complainant's bill. The chancellor sustained the sufficiency of the plea, and this appeal followed.

The filing of complainant's bill brought the property alleged therein to have been the subject of the fraudulent transfer within the jurisdiction and control of the chancery court, and thereby created a specific equitable lien on the property.—*Evans v. Welch,* 63 Ala. 250; *McDermott v. Eborn,* 90 Ala. 258, 7 South. 751; *Werborn v. Kahn,* 93 Ala. 201, 9 South. 729. No intendments are to be indulged in favor of the plea. As it does not affirmatively appear that the bill was filed within four months before the petition in bankruptcy, we cannot intend the fact to be so. The judgment and decree of discharge, notwithstanding the ground of opposition interposed, involved no more than a finding that the bankrupt had not, within four months before the filing of the petition in bankruptcy, transferred any of his property with intent to hinder, delay, or defraud his creditors. It operated as a bar to any personal decree against the bankrupt, but did not affect liens which accrued prior to the four months period upon property not brought within the control of the court of bankruptcy, nor did it oust the jurisdiction of the chancery court to proceed to a decree enforcing that lien for the benefit of creditors.—*Flint v. Chalaupka,* 78 Neb. 594, 111 N. W. 465, 13 L. R. A. (N. S.) 309, 126 Am. St. Rep. 639. This, in principle, was conclusively determined by the Supreme Court of the United States in the case of *Metcalf v. Barker,* 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. It was there held that, while the lien created by a creditors' bill filed long before the debtor's bankruptcy is contingent, in the sense that it may possibly be defeated by the event of the suit, it is in itself, and so long as it exists, a

specific lien on the assets of the bankrupt, not subject to be divested save by payment of the debt sought to be collected, and not within the provision of the bankruptcy act (Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) denouncing as null and void all liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him.

The bill in this case was not a general creditors' bill, but was filed for the sole benefit of the complaining creditor. Obviously the trustee in bankruptcy could maintain only a bill which would inure to the benefit of all creditors of the bankrupt. The anomaly involved in the order of the chancery court substituting the trustee as party complainant and directing that the cause proceed in his name seems not to have attracted attention. No question is made about it here, and none could be made on this appeal. On consideration of the question presented, we are of opinion that there was error in sustaining the sufficiency of the plea, and for that the decree will be reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.