# THOMAS, AS TRUSTEE IN BANKRUPTCY OF LIGHTSTONE, *v.* SUGARMAN.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 131. Argued April 12, 1910.—Decided May 31, 1910.

Where the trustee in bankruptcy brings a bill in equity in the Circuit Court to set aside a transfer made by the bankrupt, the appeal is not governed by § 25 of the Bankruptcy Act but by the Court of Appeals Act of March 3, 1891, c. 517, § 6, 26 Stat. 828. *Knapp* v. *Milwaukee Trust Co.*, 216 U. S. 545.

The rule that an act of election directed toward a third person may operate *in rem* and establish title as to all concerned, does not apply, where, as in this case, the title is in the person enforcing the remedies, and there was no element of election.

The fact that a trustee in bankruptcy obtained a money judgment against one to whom the bankrupt transferred certain assets to delay and defraud creditors, *held*, in this case, not to have amounted to ratification of the bankrupt's act or to an election not to pursue the assets transferred, but the bankrupt was entitled to also maintain a bill in equity to set aside the transfer.

157 Fed. Rep. 669, reversed.

THE facts are stated in the opinion.

*Mr. Abram I. Elkus* and *Mr. Carlisle J. Gleason* for appellant:

The proceedings upon which the plea in bar is based were merely possessory in character and were an attempt on the part of the trustee to get that possession of property held by the bankrupt to which he was entitled under the Bankruptcy Act.

When the trustee qualified all the property of the bankrupt vested in him and he was entitled to possession thereof. The bankrupt was under the legal duty of de-

livering to him all assets, irrespective of their source.
Bankruptcy Act, § 70.

The bankrupt could not assert an outstanding title in
anyone else as against his trustee. *Re Beall,* Fed. Cas.
No. 1156; *Re Vogel,* Fed. Cas. No. 16,982; *Matter of Moses,*
1 Fed. Rep. 865; *In re Smith,* 100 Fed. Rep. 795.

The trustee took the property subject to all the rights
of third parties, and in the same condition in which the
bankrupt had it. *Re N. Y. Economical Printing Co.,* 110
Fed. Rep. 514.

The turn over order is not a judgment or decree for the
payment of money against the bankrupt, but a mere
order for delivery of assets to the trustee. It is merely an
assertion of possessory rights. *Re Schlesinger,* 102 Fed.
Rep. 117.

Under § 70, as to possession, the trustee undoubtedly
stands in the shoes of the bankrupt, but as to rights against
fraudulent transferees he is clothed with the powers of a
creditor.

The acts of the trustee in the proceedings upon which
the plea in bar is based were not irreconcilable with the
bringing of a suit against Sugarman to set aside the fraudu-
lent transfer.

The doctrine of election of remedies applies only where
the remedies asserted are irreconcilable. 15 Ency. of
Law and Pro., 257, 261; *Mills* v. *Parkhurst,* 126 N. Y.
89, 93; *Matter of Garver,* 176 N. Y. 386.

The trustee did nothing which will bar the claims of
creditors. *Bowdish* v. *Page,* 153 N. Y. 104, 110; *Butler* v.
*Hildreth,* 5 Metcalf, 49.

Where the act relied upon as constituting an election is
that of the representative of creditors, a distinct and clear
case within the doctrine of election must be made out be-
cause the rights of creditors, ignorant of the facts, are in
question.

It is apparent that no equitable estoppel is involved in

this case. The trustee took no steps and was guilty of no omission upon which Sugarman could in the least rely, or which could in the slightest degree tend to affect his actions or even his beliefs. *Jenness* v. *Berry*, 17 N. H. 549; *Robbins* v. *Worten*, 128 Alabama, 373, 379; *Woods* v. *Potts*, 140 Alabama, 425.

Not one of the appellee's authorities supports his contention that there has been an election by the trustee in bankruptcy in the case at bar.

There could be no election under the allegations of the bill of complaint.

Sugarman had full knowledge of the fraudulent intent and insolvent condition of the bankrupt, etc., and had no right of action against the trustee and no right of action against anyone else by reason of the fraudulent transfer. He was *in pari delicto* with the bankrupt and the court would leave him where it found him. *Wheeler* v. *Sage*, 1 Wall. 518; *Selz* v. *Unna*, 6 Wall. 327; *Railroad Co.* v. *Sutter*, 13 Wall. 517; *Mullen* v. *Hoffman*, 174 U. S. 639; *Goodrich* v. *Houghton*, 134 N. Y. 115.

Sugarman being actually fraudulent, would not be entitled, upon final judgment against him for the property transferred, to have credit for the money he had paid the vendor. *Lynch* v. *Burt*, 132 Fed. Rep. 417; *Johnson* v. *Forsyth*, 127 Fed. Rep. 845; *Burt* v. *Gotzian*, 102 Fed. Rep. 937; *Baldwin* v. *Short*, 125 N. Y. 553, 559, 560; *Fowler* v. *Deering*, 9 App. Div. 220; *Conde* v. *Hall*, 92 Hun, 335.

Under the fraudulent conspiracy charge in the complaint, the bankrupt and Sugarman are jointly and severally liable to the trustee. The pursuit of one and the gaining of judgment against him where that judgment is not satisfied would not bar action against the other. *Watts* v. *British Co.*, 60 Fed. Rep. 483; *Lovejoy* v. *Murray*, 3 Wall. 1; *Russell* v. *McCall*, 141 N. Y. 437; *Osterhaut* v. *Roberts*, 8 Cow. 43; *Preston* v. *Hutchinson*, 29 Vermont, 144.

This court has jurisdiction of the appeal. It is from a final decision of the Circuit Court of Appeals in a suit in equity involving more than $1,000, besides costs. It is taken within one year under § 6 of the Judiciary Act of March 3, 1891, c. 517, § 6, 26 Stat. 828, and is not a case where decision of the Circuit Court of Appeals is final under § 6.

*Mr. John J. Crawford* for appellee:

The appeal should be dismissed because not taken in due time. General Order No. 36 applies. *Conboy* v. *National Bank*, 203 U. S. 141; *Hewitt* v. *Berlin Machine Works*, 194 U. S. 296. General Order No. 36 was not involved or discussed. *Richardson* v. *Shaw*, 209 U. S. 365, came up on certiorari and does not apply.

In seeking to recover the proceeds of sale as a part of the bankrupt's estate, the complainant necessarily affirmed the sale, and hence he may not now proceed upon the theory that the sale was void. *Robb* v. *Vos*, 155 U. S. 13; *Connihan* v. *Thompson*, 11 Massachusetts, 270, 272; *Butler* v. *Hildreth*, 5 Metc. 49; *Sickman* v. *Abernathy*, 14 Colorado, 174; *Hathaway* v. *Brown*, 22 Minnesota, 214.

When any creditor with knowledge of the wrong that has been done him, makes his election to take from the grantee the purchase price agreed to be paid for the land, his conduct is, in effect, an affirmance of the sale and a waiver of the right to complain of the fraud. *Millington* v. *Hill*, 47 Arkansas, 301. See also *Iron Gate Bank* v. *Brady*, 184 U. S. 665; *W. W. Bierce, Ltd.*, v. *Hutchins*, 205 U. S. 340; *Furness* v. *Ewing*, 2 Pa. St. 479; *Cunningham* v. *Campbell*, 3 Tenn. Ch. 708; *Butler* v. *O'Brien*, 5 Alabama, 316; *Lemay* v. *Bibean*, 2 Minnesota, 251; *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450; *Reunich* v. *Bank of Chillicothe*, 8 Ohio, 529; *Scarf* v. *Jardine*, L. R. 7 App. Cas. 345.

The election is determined by the commencement of

the proceeding, and not by the result. *Robb* v. *Vos,* 115 U. S. 13; *Matter of Garver,* 176 N. Y. 386; *Lowenstein* v. *Glass,* 48 La. Ann. 1422; *Smith* v. *Gilmore,* 8 App. D. C. 192; *Thensen* v. *Bryan,* 113 Iowa, 496; *Sherman* v. *Watt,* 104 Michigan, 201; *Ludington* v. *Patton,* 111 Wisconsin, 208.

The rule for which the appellant contends would work great hardships. The creditors have rights and equities, it is true, but so have other persons. Where a man has purchased goods from one who afterwards fails, he must at some time be secure in his position. The trustee cannot consume months or years in an attempt to collect the proceeds from the bankrupt, and then, having failed in this because those proceeds have been lost or squandered by the bankrupt, turn about and attempt to disaffirm the sale.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by a trustee in bankruptcy to set aside a transfer of accounts and bills receivable made by the bankrupt to the defendant Sugarman with intent to delay and defraud creditors. Sugarman pleaded in bar that the plaintiff had ratified his dealings because, with knowledge of all the facts, the plaintiff had taken a judgment against the bankrupt for $17,500, a part or all of which was money remaining in the bankrupt's hands of $30,000 alleged by the bill to have been paid to him by Sugarman in pursuance of the fraudulent scheme. A majority of the Circuit Court of Appeals held the ratification made out, on the ground that, to get the judgment, the trustee had to rely upon a right inconsistent with that now set up. 157 Fed. Rep. 669; *S. C.,* 85 C. C. A. 337. The plaintiff appealed to this court.

It is argued that the appeal was too late because not taken within thirty days after the decree, as required by

General Orders in Bankruptcy No. 36, for appeals under the act. But this is not an appeal under the act, § 25, by authority of which the General Order was adopted, and is not governed by that order. The appellate jurisdiction is under or is the same as that under the Court of Appeals Act of March 3, 1891, c. 517, § 6, 26 Stat. 828. *Knapp* v. *Milwaukee Trust Co.*, March 7, 1910, 216 U. S. 545. The appeal was taken within a year and was in time.

On the merits we are of opinion that the decision was wrong. We are quite ready to assume what the court below was at some trouble to establish, that an act of election directed toward a third person may operate *in rem* and establish title as to all parties concerned. But the demand of the trustee on the bankrupt, even when enforced by a resort to the courts and by judgment, had no element of election about it. The legal title to the money had been in the bankrupt, and was transferred by the statute to the trustee, § 70. He was entitled to have that money in his hands as against the bankrupt in any event, whether he decided to hand it back to Sugarman or to distribute it in dividends. The law had put him in the bankrupt's shoes with additional powers. Therefore to insist that the bankrupt should do what the statute required him to do was as consistent with a subsequent rescission of the bankrupt's fraudulent acquisition of title as with an affirmance of it. It had no relation to that question, except possibly to put the plaintiff in a position better to decide it.

*Decree reversed.*