# Leonard, *et al. v.* B. F. Roden Grocery Co.

*Bill to Declare a Conveyance Void, and to Enforce
Judgment Lien.*

(Decided June 5, 1913. 62 South. 782.)

1. *Equity; Bill; Multifariousness.*—A bill by judgment creditor
seeking as the sole relief the annulment of a conveyance by a judg-
ment debtor upon the sole ground that it was made to hinder, delay
or defraud creditors, was not multifarious, although it contained al-
ternative allegations as to the consideration of the conveyance, as
these allegations were mere specifications of the evidence in support
of the charge of fraud, and did not destroy the singleness of the
bill.

2. *Fraudulent Conveyance; Bill; Knowledge of Grantee.*—In a suit
to set aside a fraudulent conveyance, a bill alleging that the grantee
shared in or had notice of the grantor's fraudulent purpose, or had
knowledge of facts sufficient to inform her of such purpose if dili-
gently followed up by her, sufficiently charges wrongful conduct on
her part to avoid the conveyance.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the B. F. Roden Grocery Company against J.
F. Leonard and others, to annul the conveyance as a
fraud upon creditors, to declare a judgment lien in fa-
vor of complainant, and for a sale of the land for the
satisfaction of the judgment. From a decree overrul-

ing demurrers to the bill, respondents appeal. Affirmed.

The bill shows that the B. F. Roden Grocery Company was, on November 5, 1910, a creditor of J. F. Leonard in the amount of $943.89, and that on November 26, 1910, said Leonard conveyed a large quantity of real estate then owned by him to one Cora C. Ulen. Thereafter plaintiff recovered a judgment on said debt against said Leonard in the Jefferson circuit court, and had the same duly recorded on March 30, 1912. Execution was issued, and on June 29, 1912, the writ was returned to the sheriff indorsed, "No property found." Section 4 of the bill is as follows: "Complainant avers and charges that the respondent Cora C. Ulen is a sister of the said Leonard, or is a very near and close blood relative, and that the said Leonard was then and is now an unmarried man, and complainant avers and charges that the consideration expressed and recited in the said deed from Leonard to Ulen, mentioned and described in section 3 of the bill, is fictitious and simulated, or that said deed was wholly and entirely voluntary, and without any consideration whatever, or that the said consideration so recited and expressed in said deed was grossly less than the real value of the property conveyed, and that the recited cash consideration of $2,000, over and above the assumed mortgage indebtedness of the said Leonard on said property, was fixed and agreed upon between said Leonard and said Ulen for the purpose of and as a means whereby the value of the said property so conveyed over and above the recited consideration should be moved beyond the reach of complainant as a creditor of the said Leonard, and that said deed was executed and delivered by the said Leonard for the purpose of hindering, delaying, or defrauding the complainant in the collection of its indebtedness, and that the said Ulen had notice of

or participated in said fraudulent intent or purpose, or was in possession of or had notice or knowledge of facts or circumstances which, if diligently followed up, would have been sufficient to have put a reasonably prudent man on notice of the said fraudulent intent and purpose of the said Leonard to put his assets beyond the reach of his creditors by the execution of said deed, and complainant avers the truth to be that the property described in said deed from Leonard to Ulen is in fact worth several times over the recited and expressed consideration in said deed."

The folllowing demurrers were filed to the bill: "(1) The bill is without equity; (2) it is multifarious in that it seeks to establish more than one cause for relief, and the several grounds of relief are alleged in the alternative and constitute inconsistent rights to relief; (3) the bill shows that respondents are guilty of no wrongful or inequitable acts; (4) the bill is repugnant in that it alleges specifically the consideration for the conveyance or sale, and that there is no consideration.

N. B. FEAGIN, for appellant. The averments are in the alternative and inconsistent, and the bill was subject to demurrer for multifariousness.—*Caldwell v. King.* 76 Ala. 149; *Ward v. Patton,* 75 Ala. 207; *Micou v. Ashurst,* 55 Ala. 607. The averments of notice and fraud are not sufficient.—*McCrary v. Burney N. Bank,* 116 Ala. 228; *Loucheim & Co. v. 1st Nat. Bank,* 98 Ala. 524; *Henry v. Tenn. S. Co.,* 164 Ala. 376. Under the averments of this bill, respondent grantee would be entitled to reimbursement for moneys paid by her which inured to the benefit of complainant.—*Clements v. Nichols,* 73 U. S. 229. The bill therefore fails to offer to do equity.—*Marks v. Clisby,* 130 Ala. 502.

[Leonard, et al. v. B. F. Roden Grocery Co.]

F. E. BLACKBURN, for appellee. The bill was not multifarious.—*Lehman v. Meyer,* 67 Ala. 396; *Meyers v. Martinez,* 172 Ala. 641. The bill sufficiently charged notice of the grantee's knowledge of the grantor's fraudulent intention.—*Carter v. Coleman,* 82 Ala. 177.

SOMERVILLE, J.—With respect to the. conveyance from Leonard to Ulen, the bill of complaint seeks a single relief, annulment, and upon a single ground, that it was made to hinder, delay, or defraud a creditor. Such a bill is not multifarious whatever may be its averments of fact.

Several theories as to the real consideration for the conveyance, each· clearly indicative of fraud, are charged in the alternative; but these are mere specifications of the evidence in support of the charge, and, however numerous and inconsistent they may be, their alternative averment is proper, and in no sense does this destroy the singleness of the bill or render it self-repugnant. *Rives v. Walthall,* 38 Ala. 328; *Lehman v. Meyer,* 67 Ala. 396; *Ward v. Patton,* 75 Ala. 207; *Meyers v. Martinez,* 172 Ala. 641, 55 South. 498.

The averment that the grantee shared in or had notice of the grantor's fraudulent purpose, or had knowledge of fact sufficient to inform her of that purpose if diligently followed up by her, charges wrongful conduct on her part sufficient to avoid the conveyance.— *Carter v. Coleman,* 82 Ala. 177, 2 South. 354.

There is no merit in any of the grounds assigned, and the demurrer was ·properly overruled.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.