(127 So. 151)

### CAROTHERS v. WEAVER et al.

6 Div. 401.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Denied March 20, 1930.

W. E. James, of Cullman, and A. J. Harris, of Decatur, for appellant.

J. M. Kilpatrick and F. E. St. John, both of Cullman, and S. A. Lynne, of Decatur, for appellees.

586

ANDERSON, C. J.

The bill in this case was filed by certain creditors of the respondent William Carothers seeking to set aside certain conveyances made by said Carothers for the purpose of delaying, defeating, and defrauding his creditors. More than a year after the bill was filed the trustee of said Carothers was brought in as a joint complainant, and, as stated in brief of appellant's counsel: "The principal proposition raised on the appeal is the decree of the Court overruling the grounds of demurrer * * * which very clearly raised the proposition that the creditors of William Carothers and his trustee in bankruptcy, J. M. Kilpatrick, could not jointly prosecute the bill as complainants to set aside the alleged fraudulent conveyances by William Carothers, the bankrupt"— or as argued in the brief: "By bankruptcy the individual action of the creditors is arrested, and the title to the property of the bankrupt, including that conveyed in fraud of creditors, is vested in his trustee, who acts for the creditors in avoiding the transfer."

■ This is a sound statement of the law under ordinary circumstances where all creditors had no lien at the time of the bankruptcy or which was thereby dissolved because acquired within four months of the bankruptcy, but does not apply to the rights of creditors who have prior liens not dissolved by the bankruptcy. When a creditor files his bill in equity and acquires a lien on specific assets and diligently prosecutes his suit to final judgment, he acquires a lien on the property of the bankrupt which is superior to the title of the trustee, and the courts have no right to enjoin him from enforcing his lien. Met-

calf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122. Or when a creditor files a bill in a state court to set aside a conveyance made by a person, who, during the pendency of the action and years after its commencement, is adjudged a bankrupt, and to apply the proceeds of the property affected towards the payment of the debt, the state court acquires such a complete jurisdiction and control over the bankrupt that jurisdiction is not divested by proceedings in bankruptcy, and it is the duty of the state court to proceed to final decree notwithstanding the adjudication in bankruptcy, under the rule that the court which first acquires rightful jurisdiction over the subject-matter should not be interfered with. Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128. True, the appellant does not seek to restrain the proceeding in the state court, but contends, in effect, that the creditors should be eliminated as parties complainant and that the trustee should be substituted as sole complainant. We cannot assent to this contention, and think that the creditors can proceed in their own name to prosecute their cause to a final decree and subject the proceeds of the fraudulent sale to the satisfaction of their lien, and, if a residue is left, it should go to the trustee for the benefit of creditors without a lien. Blair v. Brailey (C. C. A.) 221 F. 1; Gilbert's Collier on Bankruptcy (1927 Ed.) p. 1042. It would therefore seem that the creditor with a lien and the trustee would both have a joint or common interest in setting aside the conveyances primarily for the enforcement of the lien, and secondarily to subject the surplus to the benefit of the simple or common creditors.

Section 7344 of the Code of 1923 permits any number of creditors, whether judgment or simple contract creditors, and whether with or without liens, to join as complainants in a creditor's bill. Davis v. Vandiver, 143 Ala. 202, 38 So. 850.

■ The filing of the bill over a year before the bankruptcy and the service of process gave the original complainants a lien, such proceeding being in the nature of an equitable levy, and which said lien was not defeated by the bankruptcy. Hines v. Duncan, 79 Ala. 112, 58 Am. Rep. 580; Evans v. Welch, 63 Ala. 250.

The cases cited by appellant's counsel have been examined, and we do not find the two United States Supreme Court cases, Thomas v. Sugarman, 218 U. S. 129, 30 S. Ct. 650, 54 L. Ed. 967, 29 L. R. A. (N. S.) 250, and Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154, in conflict with the present holding. The case of Blake v. Meadows, 225 Mo. 1, 123 S. W. 868, 30 L. R. A. (N. S.) 1, tends to support rather than oppose the present holding. Moreover, as stated in Collier on Bankruptcy, there was much division of authority until the question was set-

tled in Metcalf v. Barker, supra, which case we have cited and followed.

We think that paragraph 7 of the bill sufficiently charges fraud on the part of Carothers and his wife and charges Leigeber with notice of the facts and circumstances constituting such fraud. Leonard et al. v. B. F. Roden Grocery Co., 183 Ala. 581, 62 So. 782; Gassenheimer v. Kellogg, 121 Ala. 112, 26 So. 29.

We also think that the bill sufficiently describes the Weaver claim.

The decree of the circuit court is affirmed.

Affirmed.

Upon Rehearing.

Counsel for appellant contend on motion for a rehearing that we have erroneously held that paragraph 7 of the bill was not subject to demurrer, in that it failed to charge fraud or bad faith on the part of Mrs. Carothers. It may be that the original opinion is inaccurate in holding that paragraph 7, in and of itself, is sufficient, but, when taken in connection with the entire bill, especially paragraph 5, we think the objection raised by the demurrer is overcome.

Rehearing denied.

SAYRE, BROWN, and FOSTER, JJ., concur.