(137 So. 30)

## CORTNER v. GALYON,
### 8 Div. 288.

Supreme Court of Alabama.

Oct. 8, 1931.

E. W. Godbey, of Decatur, for appellant.

Wright & McAfee and Lynne & Lynne, all of Decatur, for appellee.

GARDNER, J.

The original bill was filed by Anderson, Clayton & Co., claiming to be a creditor of R. G. Cortner, against said Cortner and his alleged grantees, seeking to set aside conveyances to certain property therein specifically described, as in fraud of complainant as such creditor. Service was duly had upon the defendants on May 14, 1930. The bill was not a general creditor's bill, but filed solely for the benefit of complainant. Subsequent thereto, and on October 6, 1930, appellee, Daisy Galyon, upon first securing leave of the chancellor, filed her petition of intervention, to which defendant R. G. Cortner interposed demurrer, and, from the decree overruling his demurrer, said Cortner has prosecuted this appeal.

■ So far as testing the sufficiency of such petition is concerned, we think the lawmaking body has evinced an intention that in this respect it is to be treated as an original bill, for it is provided in section 9485, Code of 1923, that the parties may demur thereto "as if it were an original complaint." So considered, therefore, we conclude the decree overruling the demurrer is such an interlocutory one as comes within the influence of section 6079, Code of 1923, and will support an appeal.

■ Preliminary to all other questions, the point is taken by demurrer and stressed in brief that petitioner has failed to show such an interest in the subject-matter of the original suit as to justify an intervention. We think the point well taken. By the original bill Anderson, Clayton & Co. acquired an equitable lien on the property which, so far as here appears, prevails over petitioner's claim. McCarty v. Robinson, 222 Ala. 287, 131 So. 895; Carothers v. Weaver, 220 Ala. 584, 127 So. 151; North Birmingham Amer. Bank v. Realty Mortgage Co., ante, p. 30, 134 So. 796.

"But complainant's bill is not a general creditors' bill and complainant had the right to file a bill for its exclusive benefit, and so the cause should have proceeded until complainant or some other creditor by proper proceeding may have brought defendant grantor's estate into court as a fund for the equal benefit of all." Merchants' Bank of Mobile v. Parrish, 214 Ala. 96, 106 So. 504, 505. See, also, Stevenson v. Bird, 168 Ala. 422, 53 So. 93.

■ Our statute (section 9485, Code) has been held as merely cumulative to the common-law remedy of intervention (Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Gravely v. Phillips, 23 Ala. App. 471, 127 So. 248, 249), and, as said in the latter case, citing 31 Cyc. 521: "The petition for intervention must by proper averments show interest of the applicant in the pending litigation and should contain facts sufficient to show that the intervener is entitled to the relief sought." To like effect is the language of the court in Smith v. Gale, 144 U. S. 509, 12 S. Ct. 674, 676, 36 L. Ed. 521: "The intervention must be not only to protect the direct and immediate interest of the intervener in a suit, but she is bound to make that interest appear by proper allegations in her petition."

■■ The record as it here appears discloses a superior equitable lien in favor of the original complainant, with which petitioner has no right to interfere. But it is suggested that, so much conceded, petitioner would still be interested in any surplus that may remain after satisfaction of the claim of the original complainant, citing Carothers v. Weaver, 220 Ala. 584, 127 So. 151. The answer to this suggestion is that petitioner seeks no such relief, but only that she be permitted to become a party complainant, and also be "permitted to amend said bill"; this latter having reference to averments of the petitioner that there were other conveyances of different property executed in fraud of her rights which she desired to have set aside.

There is no indication or intimation of any surplus, and the most liberal construction of the petition would not justify any such interpretation of the petition. As for petitioner's intention to assail conveyances other and different from those attacked in the original bill, it would seem such new and independent matter should more properly be presented by "an original bill in the nature of a cross-bill." Ex parte Gray, 157 Ala. 358, 47 So. 286, 288, 131 Am. St. Rep. 62; Talladega Merc. Co. v. Jenifer Iron Co., 102 Ala. 259, 14 So. 743; Douglass v. Blake, 189 Ala. 24, 66 So. 617; Curtis v. Curtis, 180 Ala. 64, 60 So. 167.

The petition failed to show such an interest on petitioner's part in the subject-matter of the litigation as to justify intervention, and the demurrer thereto should have been sustained.

Let the decree be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.