## CARROLL BATES BLICK

*vs.*

## SIDNEY T. NIMMO AND CARRIE B. NIMMO.

*Bankrupts: conveyances in defraud of creditors; bill in State Court, for benefit of all creditors, to set deed aside; effect of subsequent discharge; such proceedings gave no lien; not void.*

The discharge of a debtor in bankruptcy is personal to him, and does not release his fraudulent grantees for liability for the formal conveyances made to them by the bankrupt.     p. 142

The discharge of a bankrupt does not affect the right of the trustee in bankruptcy, or of creditors of the bankrupt, to have the bankrupt's property that was previously disposed of for the purpose of defrauding his creditors, applied to the payment of his debts.                              p. 142

Under the Bankrupt Act, the trustee may institute proceedings in a court of bankruptcy or in a state court, for the recovery of property fraudulently disposed of by the bankrupt.  p. 143

And where a judgment creditor, more than four months prior to the filing of a petition in bankruptcy against his debtor, filed a bill in a state court to set aside a fraudulent transfer of the latter's property, and the state court acquires jurisdiction of the parties and the subject-matter of the suit, its jurisdiction is not divested by subsequent proceedings in bankruptcy against the debtor.                              pp. 144-145

A bill filed in a state court by one not a judgment creditor, and filed in behalf of himself and of the other creditors, for the purpose of subjecting to the payment of his debts lands that had been fraudulently conveyed away by the debtor, gives to the creditor no lien, within the prohibition of section 67-F of the Bankrupt Act of 1898; and the proceeding was *held* not to be void, on the ground of having been instituted within four months prior to the adjudication in bankruptcy, where it did not appear from the record when such adjudication took place.

pp. 145, 146

*Decided June 25th, 1913.*

Appeal from the Circuit Court for Baltimore County, sitting in Equity (DUNCAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*William Edgar Byrd,* for the appellant.

*C. Gus Grayson,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 11th of May, 1908, the appellant, on behalf of himself and other creditors of Sidney T. Nimmo, one of the appellees, filed a bill of complaint in the Circuit Court for Baltimore County, sitting as a Court of Equity, against Nimmo and Carrie B. Nimmo, his wife, alleging that the said Sidney T. Nimmo, on the 3rd of January, 1898, and on the 30th of December, 1899, purchased two lots or parcels of land in Baltimore County, and caused the same to be conveyed to his said wife for the purpose of defrauding the plaintiff and his other creditors, and praying that said lots or parcels of land be declared to be the proprety of Sidney T. Nimmo and liable for the payment of his debts, etc. The defendants were summoned and on the 25th of May, 1908,

filed their answer averring that the property referred to was purchased by and belonged to Carrie B. Nimmo.

On the 30th of April, 1912, the defendants filed a petition in the case alleging that the plaintiff filed a petition in the District Court of the United States for the District of Maryland on the 3rd of July, 1908, against Sidney T. Nimmo for the purpose of having him adjudged a bankrupt, and also filed in the District Court the claim referred to in the bill in this case; that the District Court appointed Francis J. Schorb, trustee, and that, on the 18th of August, 1911, he reported to that Court that there were no assets belonging to the estate; that Sidney T. Nimmo was finally discharged on the 30th of September, 1911, and that therefore the plaintiff had no legal claim against Carrie B. Nimmo or her property and that the bill in this case should be dismissed. The plaintiff answered this petition admitting that he had filed said petition in the District Court, and that Sidney T. Nimmo had been finally discharged, but insisting that he was entitled to prosecute the suit in the Circuit Court for Baltimore County or to have it prosecuted by the trustee in bankruptcy in order that the property described might be applied to the payment of his claim and the claims of other creditors of Sidney T. Nimmo. On the 16th of July, 1912, the trustee in bankruptcy was, upon the petition of the plaintiff made a party defendant in the case, with leave to answer the bill. The trustee did not answer the bill, but on the 25th of July, filed an answer to the petition of the plaintiff to make him a party averring that leave should have been obtained from the District Court before making him a party, and that he should have been made a party plaintiff.

The petition of the defendants and answer of the plaintiff were set down for a hearing and on the 24th of September, 1912, the Court below passed the following order from which this appeal was taken: "Ordered by the Circuit Court for Baltimore County this 24th day of September, A. D. 1912, that the bill in the above entitled case be and the same is dis-

missed, it appearing to the Court that the claim of the plaintiff was filed in the Bankrupt Court and the defendant Sidney T. Nimmo having been discharged by said Court."

The contention of the appellee, and the theory upon which the order of the Court below appears to have been passed, is that the discharge of Sidney T. Nimmo amounted to an extinguishment of the plaintiff's claim. This is true to the extent that his claim was released so far as the personal liability of Sidney T. Nimmo was concerned, but the discharge of a bankrupt does not affect the right of the trustee in bankruptcy or his creditors to have property previously disposed of by the bankrupt for the purpose of defrauding his creditors applied to the payment of his debts. This right of the trustee is expressly conferred by sections 67E and 70E of the Bankrupt Act of 1898. 1 *Remington on Bankruptcy,* secs. 1216 and 1217; *Collier on Bankruptcy* (9th Ed.), 362 and note 337. It is said in *Remington on Bankruptcy, supra,* where many cases are cited in the notes: "Property fraudulently conveyed or held in secret trust for the debtor so far as the same would inure to the benefit of cerditors without bankruptcy, is recoverable by the trustee in bankruptcy, and the transaction may be set aside," and it is stated in the note in *Collier on Bankruptcy, supra;* "The discharge of a debtor in bankruptcy is personal to the bankrupt and does not release his fraudulent grantees from liability for the fraud committed by them and in no way precludes the trustee from recovering property of the estate thus fraudulently transferred."

The object and purpose of this suit was not to obtain a decree against Sidney T. Nimmo for the amount of the plaintiff's claim, but to subject the property claimed by his wife and alleged to have been fraudulently conveyed to her to the payment of his debts, and his discharge in bankruptcy did not inure to her benefit or release the property from liability. *Moyer* v. *Dewey,* 103 U. S. 301; *Bush on Bankruptcy,* 155.

It follows from what has been said that unless the jurisdiction of the Circuit Court for Baltimore County was entirely divested by the proceedings in bankruptcy the Court below erred in dismissing the plaintiff's bill. Section 23B and 70E of the Bankrupt Act of 1898, as amended by the Acts of 1903 and 1910 [*Collier on Bankruptcy* (9th Ed.), 486], confer upon the Courts of bankruptcy and the State Courts jurisdiction in cases for the recovery by the trustee in bankruptcy, from an adverse claimant, of property fraudulently conveyed by the bankrupt more than four months prior to the filing of the petition in bankruptcy. Section 70E provides: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value. For the purpose of such recovery any Court in bankruptcy as hereinbefore defined, and any State Court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." Under these provisions a trustee in bankruptcy may institute proceedings in a Court of Bankruptcy or in a State Court for the recovery of property fraudulently disposed of by the bankrupt. And where a judgment creditor, more than four months prior to the filing of a petition in bankruptcy against his debtor, files a bill in a State Court to set aside a fraudulent transfer of his property, and the State Court acquires jurisdiction of the parties and the subject matter of the suit, its jurisdiction is not divested by subsequent proceedings in bankruptcy against the debtor. This rule is now well recognized, and is firmly established by the decisions of the Supreme Court of the United States. *Collier on Bankruptcy* (9th Ed.), 501-506; 1 *Remington on Bankruptcy,* secs. 1582, 1599; *Eyster* v. *Gaff et al.,* 91 U. S. 521;

*Metcalf* v. *Barker,* 187 U. S. 165; *Pickens* v. *Roy,* 187 U. S. 177.

But in the case at bar the bill was filed in the Circuit Court for Baltimore County on the 11th of May, 1908, and the petition in bankruptcy was filed on the 3rd of July, 1908. Section 67ᶠ of the Bankrupt Act of 1898 declares, "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and • void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the Court shall, on due notice, order that the right under such levy judgment, attachment or other lien shall be preserved for the benefit of the estate; and thereupon the same shall pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid, etc." Under this section any lien obtained through legal proceedings within four months prior to the filing of a petition in bankruptcy is null and void, and it is said in 1 *Remington on Bankruptcy,* sec. 1599, that the proceedings in the State Court by which the lien is obtained are also void and the Court does not retain jurisdiction. In the case of *Metcalf* v. *Barker, supra,* the Supreme Court held that the filing of a judgment creditors' bill creates a lien upon the specific property of the debtor. The doctrine of *lis pendens* has been frequently applied in this State, and a number of cases are collected in a note in *Campbell's Case,* 2 Bland, 210, and in *Venable on Real Property,* under the title "Lien of Lis Pendens." In the case of *Pickens* v. *Roy,* 187 U. S. 177, where a creditors' bill was filed in the State Court to set aside a fraudulent deed several years prior to the proceedings in bankruptcy, and where the trustee in bankruptcy became a party to the proceedings in

the State Court, the Supreme Court said in reference to the application of the bankrupt to the District Court for an injunction restraining further proceedings in the State Court, that the Circuit Court of Appeals held "that as the Circuit Court of Barbour County had at the time of the adjudication, and had had for years, complete jurisdiction and control over the bankrupt and his property, that jurisdiction was not divested by the proceedings in bankruptcy, and it was the right and duty of that Court to proceed to final decree notwithstanding the adjudication, the rule being applicable that the Court which first obtains rightful jurisdiction over the subject matter should not be interferred with. *Frazer* v. *Southern Loan and Trust Company,* 99 Fed. Rep. 707. And GOFF, J. (45 U. S. C. C. A. 522), speaking for the Court, said: 'The Bankrupt Act of 1898 does not in the least modify this rule, but with unusual carefulness guards it in all its detail, provided the suit pending in the State Court was instituted more than four months before the District Court of the United States had adjudicated the bankruptcy of the party entitled to or interested in the subject-matter of such controversy.' * * * We are of opinion that the Circuit Court of Appeals was right in its rulings. The case in the one aspect comes within *Bardes* v. *Hawarden Bank,* 178 U. S. 524, and in the other within the rule applied. *Metcalf* v. *Barker* (187 U. S. 165)."

In this case, however, the plaintiff was not a judgment creditor, and the bill was filed in behalf of himself and all other creditors of Sidney T. Nimmo. By the filing of the bill in the Circuit Court for Baltimore County he did not, under the Maryland law, acquire a lien upon the property described in the bill in the sense of acquiring a preference, but only in the sense that anyone obtaining an interest in property from the defendants after the defendants were summoned in the case, would take it subject to the result of that suit. Such a lien is not within the terms of section 67F of the Bankrupt Act, nor does this case fall within the ruling

in *Pickens* v. *Roy, supra,* requiring the suit to be instituted more than four months prior to the adjudication of bankruptcy, for it does not appear from the record in this case when the appellant was adjudged a bankrupt.

Section 70ʙ of the Bankrupt Act of 1898, expressly authorizes the trustee in bankruptcy to proceed in the bankrupt Court or State Court to recover property fraudulently disposed of by the bankrupt, and there is no reason why he may not prosecute in a State Court a suit instituted by a creditor before the debtor is adjudged a bankrupt. If he neglects to do so a creditor may apply to the bankrupt Court to require him to prosecute the suit, or upon his refusal to do so, the creditor may, after making him a party, proceed with the suit to a final decree. This seems to come within the principle recognized in *Eyster* v. *Gaff, supra; Pickens* v. *Roy, supra; Remington on Bankruptcy,* sec. 1644; *Haugh* v. *Maulsby,* 68 Md. 423; *Griffin* v. *Mutual Life Ins. Co.,* 119 Ga. 664; *Davis* v. *Vandiver & Co.,* 143 Ala. 202.

There has been no action of the bankrupt Court to stay the proceedings in the State Court, even assuming that this record presents a case for the proper exercise of that power, and we do not think that the mere suggestion by the bankrupt that a petition was filed in the District Court to have him adjudged a bankrupt and that he was finally discharged by that Court, sufficient to stay the proceedings in the Circuit Court for Baltimore County, or to divest that Court of its jurisdiction.

For these reasons we think the Court below was wrong in dismissing the bill, the only effect of which bill, in case of a decree in favor of the plaintiff, would be to recover property for the benefit of the bankrupt estate.

*Decree reversed, with costs and case remanded.*