HARRY C. RICE, Respondent, *v.* LEVI S. CHAPMAN and Others, Appellants, Impleaded with GEORGE H. MAXWELL, Defendant.

First Department, January 15, 1932.

*Levi S. Chapman* of counsel [*Chapman, Newell & Crane*, attorneys, for Lucia L. Chapman and Ella Louise Cady; *Waters & Hodges*, attorneys, for Charles R. Chapman and Levi S. Chapman], for the appellants.

*Jacob M. Zinaman*, for the respondent.

SHERMAN, J. Defendants' motion to dismiss the complaint under rule 107 of the Rules of Civil Practice has been denied.

The substantial question presented is whether the court possesses jurisdiction of the subject-matter of the action.

Defendants Levi S. Chapman and Charles R. Chapman were duly adjudged bankrupts in the United States District Court for the Northern District of New York, on February 14, 1929. On February 9, 1929, five days prior to that adjudication, plaintiff recovered a judgment in the Supreme Court, Kings county, against those defendants based upon a promissory note.

A trustee was elected for both bankrupts for the administration of their estates in bankruptcy. The final meeting of the creditors to pass upon the accounts of the trustee was held on January 20,

1930; about which time he filed his report and was discharged. Subsequently the bankrupts made application for their discharge, which was scheduled for hearing in the District Court on February 1, 1930. The bankrupts did not appear at that time, in person or by counsel, but plaintiff filed a petition and notice of objection, and on February 1, 1930, an order was made by the District Court " that the general examination of the above named bankrupts be re-opened and be continued " before the referee, and that the time of plaintiff and another creditor to file specifications of objections to the discharge of the bankrupts be extended until thirty days after the completion of the general examination.

The bankrupts then moved to vacate the order " opening the examination of the bankrupts for the discovery of unadministered assets," and the District Court handed down a decision modifying that order of February 1, 1930, and in the course of the opinion accompanying this decision the court stated: " The showing [that some new assets will be revealed] made by the creditors seeking the reopening is not very persuasive." (55 F. [2d] 965.)

Another order was made as of March 1, 1930, and entered on July 22, 1930, " that the creditors of the above named bankrupts for the purpose of discovering unadministered assets may have an examination of each of the above named bankrupts " upon three certain specified subjects, which order recited that its prior order was a " reopening of the estates of each of said bankrupts."

Plaintiff and another objecting creditor applied for a modification of that order, and the District Court handed down a decision stating, " I have decided to vest in the Special Master the discretion to control the scope of the examination," upon which a third order was made as of April 7, 1931, by that court providing for the continued examination of the bankrupts and of any other witnesses who might be produced, and that the objecting creditors might also examine the bankrupts and any other witnesses on any subjects or matters which would " aid in the determination of the bankrupts' right to discharge in bankruptcy, or seem reasonably to or likely to lead to the discovery of assets of the bankrupts not heretofore disclosed."

At the close of a hearing before the referee on April 30, 1931, plaintiff's attorney moved for an order enjoining and restraining all the parties from disposing of the assets which are the subject of this action; the bankrupts were directed by the referee not to sell or disturb such assets and to procure from the defendant Maxwell (residing in California) an agreement to that effect. Maxwell's agreement accordingly was obtained and filed with the referee.

These hearings were concluded before the referee on July 10,

1931, and at the close of the taking of testimony on that day, but before the referee could report to the District Court, this action was commenced by the service of the summons and complaint, together with a notice of motion for the appointment of a receiver, upon the four defendants (other than Maxwell).

Plaintiff claims that the trustee in bankruptcy, who received his discharge about January 20, 1930, was then aware of the facts and circumstances showing the fraudulent disposition of the assets sought to be recovered in this action, and with such knowledge had failed to institute any proceeding to reduce those assets to his possession. The complaint and the affidavit submitted by plaintiff's attorney do not clearly set forth more than plaintiff's "belief" that the trustee had such knowledge.

The motion papers before us in support of defendants' motion present undeniable proof that plaintiff's position in this respect is contradicted by the plain facts appearing in the record. It is clear that the information said to disclose the alleged fraudulent transfers was unknown to the trustee at or prior to his discharge. It appears likewise to have been unknown to plaintiff's attorney prior to the trustee's discharge. Plaintiff makes no allegation that he ever petitioned the District Court for relief upon the trustee's alleged refusal to institute an action to recover any of the assets described in the complaint.

It conclusively appears that the original trustee did not abandon the claim, and from the documentary evidence it is clear that the information concerning the alleged fraudulent transactions was ascertained since the bankruptcy hearings were reopened and the further examinations held.

Nor is there under such circumstances concurrent jurisdiction. It is well established that once the jurisdiction of the bankruptcy court has attached and proceedings are still pending, as here, its jurisdiction is exclusive. (U. S. Code, tit. 11, §§ 75, 107 and 110; Bankruptcy Act, §§ 47, 67 and 70, respectively.) "The exclusive jurisdiction of the bankruptcy court is so far *in rem* that the estate is regarded as *in custodia legis* from the filing of the petition." (*Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300, 307.) The disputed ownership of the property in question must await determination by that court, as its jurisdiction cannot be disturbed by a State court action. Meanwhile plaintiff has no independent right of action whereby he may secure for himself as a single creditor a preference which is forbidden by the bankruptcy statutes.

The judgment secured by plaintiff against the bankrupts is one which can be barred by the bankrupts' discharge. Whether it shall be so barred is one of the issues of which the Federal court has sole

jurisdiction. So long as that issue is pending, plaintiff must seek his relief in that court which has exclusive jurisdiction over the bankrupts and their assets for the benefit of all creditors. Plaintiff here is not remediless, for he may apply to that court for the appointment of another trustee in bankruptcy and thereupon take proper steps to cause that trustee to institute the proceeding which plaintiff insists will increase the bankrupts' estate.

Under the Federal statutes relating to bankruptcy, the trustee is under a positive duty to recover and reclaim all assets of the bankrupt; the rights, remedies and powers of creditors are vested in the trustee who may avoid fraudulent transfers. While bankruptcy. proceedings are pending, the trustee alone can maintain an action to avoid a fraudulent transfer. (*Matter of Gray*, 47 App. Div. 554.) Here plaintiff obtained his judgment against the bankrupts four days before the filing of the petition in bankruptcy. As stated in *Acme Harvester Co.* v. *Beekman Lumber Co.* (222 U. S. 300, 306), " the filing of the petition is a *caveat* to all the world, and in effect an attachment and injunction; * * * and on adjudication, title to the bankrupt's property became vested in the trustee." Again, in *Isaacs* v. *Hobbs Tie & Timber Co.* (282 U. S. 734, 737) title to the bankrupt's property " vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits. * * * It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate."

Two years have not expired since the trustee in this case was discharged, and, therefore, the language of the Court of Appeals in *Stephan* v. *Merchants Collateral Corp.* (256 N. Y. 418, 421) is applicable here: " Section 11-d (11 U. S. C. A. § 29 [d]) provides that ' suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed.' * * * A motion to reopen the estate may at any time be addressed to the sound discretion of the District Court (*Matter of Schreiber*, 23 Fed. Rep. [2d] 428) and in any event two years had not elapsed before the estate was first closed.

" A new trustee should be elected for the purpose of administering the unadministered assets. (*Matter of Minners*, 253 Fed. Rep. 300.) The application to reopen should be made by the creditors."

Creditors are accorded full and complete protection under the bankruptcy statutes. (*Glenny* v. *Langdon*, 98 U. S. 20.) The method of procedure to compel a trustee to proceed when informed of the existence of property of the bankrupt, is well established. (*Trimble* v. *Woodhead*, 102 U. S. 650; *Matter of Barnes*, 18 Fed. 158.)

If the trustee, without sufficient reason, refuse to proceed, the court by its order may compel him to do so or may remove him for disobedience. (*Matter of Lewensohn*, 121 Fed. 538.)

Under the present law, the two-year limitation begins to run from the date when the estate of the bankrupt has been closed; but where an estate has been closed and is subsequently reopened, the two-year period would begin to run from the subsequent closing. (*Bilafsky* v. *Abraham*, 183 Mass. 401.) When this action was commenced the two-year period had not expired.

It is urged that the bankrupts may soon be discharged and that plaintiff's judgment will then become barred, so that his right to maintain a suit to recover these diverted assets would fall, and in the event that no new trustee shall be appointed to seek these assets, he could not then proceed even though he should then have discovered further convincing proof of the fraudulent diversion. But a discharge goes only to the remedy against the debtor personally; it does not cancel the debt, and, therefore, does not affect the right of the trustee or creditors of the bankrupt to have property previously transferred in fraud by the bankrupt, applied to the payment of debts. (*Matter of Groves*, 244 Fed. 197; *Matter of Levy*, 261 id. 432; affd., *sub nom. Levy* v. *Schorr*, 266 id. 207; *Matter of Margolies*, Id. 203; *Matter of Iskovitz*, 13 F. [2d] 473; *Blick* v. *Nimmo*, 121 Md. 139; 88 Atl. 116.) The discharge is personal to the bankrupt and does not release his fraudulent grantees from liability for the fraud committed by them, and in no way precludes the recovery of property of the estate thus fraudulently transferred. (*Stephenson* v. *Bird*, 168 Ala. 363.)

On the record before us, showing that the estates of the bankrupts have been reopened and that proceedings are pending in the United States District Court, the court below was without jurisdiction to entertain this action, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., and McAVOY, J., concur; MERRELL and MARTIN, JJ., dissent.

MERRELL, J. (dissenting). Plaintiff brings this action in equity to obtain a decree that certain stocks and bonds are being held by defendants pursuant to a fraudulent transfer thereof at the instance of the defendant Levi S. Chapman in fraud of the rights of the creditors of said Levi S. Chapman. Two causes of action are set forth in the complaint. The first cause of action is against Levi S. Chapman, Lucia L. Chapman, Ella Louise Cady and

George H. Maxwell, and it is therein alleged that plaintiff is a judgment creditor of the defendants Levi S. Chapman and Charles R. Chapman; that Charles R. Chapman and Lucia L. Chapman and Ella Louise Cady are respectively the son, wife and daughter of said Levi S. Chapman. It is further alleged in the first cause of action that said Levi S. Chapman, being at the time insolvent and indebted to plaintiff in the sum of $40,000, caused certain moneys to be sent to the defendant Maxwell to be used for the purchase of certain stocks and bonds described in the complaint; that said defendant Levi S. Chapman fraudulently arranged that the said stocks and bonds should be deemed to be owned by the defendants Lucia L. Chapman and Ella Louise Cady, the wife and daughter of said Levi S. Chapman; that said moneys were sent to said Maxwell without any consideration whatever and with intent to hinder, delay or defraud the creditors of said Levi S. Chapman, including plaintiff; that the defendants Lucia L. Chapman and Ella Louise Cady, wife and daughter respectively of said Chapman, were used merely as dummies in order to cover up the true ownership of said moneys, stocks and bonds; that an execution on the judgment held by plaintiff was returned unsatisfied.

In the second cause of action plaintiff alleges that the said judgment debtors transferred and conveyed to the defendant Ella Louise Cady certain stocks and bonds without any consideration and with intent and purpose of hindering and delaying and defrauding the creditors of said defendants. In his prayer for relief plaintiff seeks judgment declaring that the said stocks and bonds are being held for the defendants Levi S. Chapman and Charles R. Chapman, the judgment debtors, and that the same should be applied in payment of the indebtedness due plaintiff upon which he has obtained said judgment. The defendant Maxwell has not been served with process. All of the other defendants have been served with the summons and complaint herein. At the time of the commencement of this action plaintiff moved for the appointment of a receiver and to enjoin the defendants from interfering with the said bonds and stocks pending the determination of this action. Plaintiff's motion was granted by default and an order entered appointing a receiver and restraining the defendants during the pendency of the action. The receiver thus appointed has duly qualified. Thereupon the four defendants made the motion resulting in the order appealed from to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice.

The defendants contended, *first*, that the court was without jurisdiction in regard to the person of the defendant George H. Maxwell; *second*, that the court had no jurisdiction of the subject-

matter of the action; and, *finally*, that the plaintiff had no legal capacity to sue. Defendants also prayed for an order vacating the appointment of the receiver. The defendants claimed, as the basis of their motion to dismiss, that the defendants Levi S. Chapman and Charles R. Chapman had filed voluntary petitions in bankruptcy in February, 1929, after plaintiff had obtained his judgment against them; that in said proceedings a trustee for each of the bankrupts was elected, and that after numerous hearings said trustee filed his report and was discharged; that thereafter the bankrupts applied for their discharge, plaintiff herein objecting thereto. It appears from the replying affidavit of the attorney for the plaintiff herein that in the hearings before the referee in bankruptcy on the question of the discharge of the bankrupts, the plaintiff learned the facts upon which the present action was brought. Said hearings have been closed. It is the contention of defendants that by reason of the bankruptcy and despite the fact that there had been a trustee appointed who had duly accounted and had received his discharge, no creditor has any right to institute an action to impress a trust upon the assets which the creditor claims were owned by third parties in favor of the judgment debtors, and that only the trustee in bankruptcy can bring such action, and that if such action is taken it must be by a new trustee to be elected. In the answering affidavit of the attorney for plaintiff herein it appeared that the trustee elected in said bankruptcy proceedings had duly accounted and was duly discharged about two years prior to the commencement of the present action, and that the only matter pending in the bankruptcy court was the question as to whether the bankrupts were entitled to their discharge; that no action or proceeding was ever instituted in the Federal court to set aside any fraudulent conveyances or to impress a trust on the assets set forth in the complaint, and which plaintiff claims were owned and held by the defendants Lucia L. Chapman and Ella Louise Cady for and in the interest of said bankrupts, and that the present action is the first to be instituted relating to said assets. In the reply affidavit of the attorney for plaintiff, respondent, it is also stated that the facts upon which this action was based were within the knowledge of the trustee in bankruptcy while he acted as such trustee and within the knowledge of the attorneys who helped to select the trustee and the attorney for the trustee; that " with knowledge of the facts as aforestated, or with means of knowledge of the facts aforestated, [the trustee] refused to institute any action to recover any of the assets described in the complaint and therefore abandoned the same." It is plaintiff's contention that said facts set forth in the answering affidavit over-

come the objections contained in the moving papers, and conclusively show the capacity of plaintiff to bring the present action, and that the New York Supreme Court has jurisdiction of the subject-matter of the action. *In their reply affidavit served by defendants there is no denial of plaintiff's allegations regarding the trustee's knowledge of the facts upon which the present action was based, or of his refusal to institute the action, or of his abandonment of any claim based upon such facts.* Indeed, the appellants seem to ignore entirely plaintiff's answering affidavit.

The real issue on this appeal is as to whether the complaint and plaintiff's answering affidavit show sufficient facts to entitle plaintiff to sue, and to show that the court has jurisdiction of the subject-matter involved.

At the outset, the law is well settled that all of the facts set forth in the complaint and the plaintiff's answering affidavit must be deemed to be true, and plaintiff is entitled to every reasonable inference to be drawn therefrom. The papers on appeal show a dispute upon the facts, and to settle the same there must be a trial of the action and that, of itself, is sufficient ground for denying the motion to dismiss the complaint under rule 107 of the Rules of Civil Practice. Plaintiff also contends, and it is undenied, that the trustee in bankruptcy, before his discharge as trustee, was in possession of all the facts upon which this present action was brought, and having failed and neglected to bring action to set aside said transfers, the trustee is deemed to have abandoned and waived his right so to do. On such abandonment any creditor may sue on such cause of action. It is, further, the contention of plaintiff that the bankruptcy court never acquired jurisdiction over the choses in action described in the complaint; that a bankruptcy court has exclusive jurisdiction only of proceedings in bankruptcy as distinguished from controversies arising in bankruptcy proceedings; that as to the latter the bankruptcy court and the State courts have concurrent jurisdiction. The appellants also contend that the plaintiff is stayed by reason of an *ex parte* order made by the referee in bankruptcy.

It seems to me that the trustee of the bankrupts, having full knowledge of the facts upon which plaintiff bases his present action, and failing to institute such action, must be deemed to have abandoned and waived his right so to do, and that upon such abandonment any creditor has the right to bring action. In the answering affidavit of the attorney for plaintiff herein it is also stated that after the judgment debtors were adjudicated bankrupts, a trustee was elected of their assets; that numerous hearings were held by the trustee before the referee in the bankruptcy

proceeding, and that " no action of any kind was instituted by the trustee; that thereafter the trustee made his accounting and was duly discharged. This took place about two years ago." The affidavit further states that " The only matter pending before the Referee in Bankruptcy and the United States District Court is the question as to whether the bankrupts are entitled to their discharge.

" No action or proceeding was instituted in the Federal Court to set aside any fraudulent conveyances or to impress a trust upon the assets described in the complaint."

The affidavit further shows that the present is the first action or proceeding to be instituted in any court concerning the bonds and stocks alleged to have been fraudulently held. The affidavit further states that the facts upon which this action is based " were brought to the knowledge of the trustee in bankruptcy above referred to, or his attorney, and to the knowledge of the attorneys for creditors who participated in the election of the trustee and the designation of the attorney for the trustee.

" It is the contention of the plaintiff that the trustee in bankruptcy, with knowledge of the facts aforestated, or with means of knowledge of the facts aforestated, refused to institute any action to recover any of the assets described in the complaint and therefore abandoned the same."

Undoubtedly, under the decisions of the Federal and State courts a trustee in bankruptcy, in his discretion, has the right to refuse to bring an action or to take over property of the bankrupt when, in the judgment of the trustee, such property or choses in action would be unprofitable and calculated to burden rather than benefit the estate in his keeping. If he does not bring action to take over property or to enforce a right of recovery, he will be deemed to have elected not to proceed against such estate or avail himself of such chose in action, if it appears that he has knowledge of the facts or blindly refused to act thereon. A leading case upon the subject is that of *Dushane* v. *Beall* (161 U. S. 513). In that case Chief Justice FULLER, writing for the Supreme Court of the United States, said (at p. 516): " If with knowledge of the facts, or being so situated as to be chargeable with such knowledge, an assignee, by definite declaration or distinct action, *or forbearance to act*, indicates, in view of the particular circumstances, his choice not to take certain property, or if, in the language of WARE, J., in *Smith* v. *Gordon* [6 Law Rep. 313], he, with such knowledge, ' stands by without asserting his claim for a length of time, and allows third persons in the prosecution of their legal rights to

acquire an interest in the property,' then he may be held to have waived the assertion of his claim thereto.

"In *Sparhawk* v. *Yerkes* [142 U. S. 1] we held that as the conduct of the assignees was such as to show that they did not intend to take possession of the assets in controversy; as they avoided assuming any liability in respect thereof;  *  *  *  and that as the assignee did not appear to have intervened in the matter until, as is stated, December 11, 1890, although the litigation began in the summer of 1882, he must be held to have elected to abandon the claim, and could not come in at so late a day and share in the fruits of litigation carried on by others; and on that view of the facts this conclusion would seem to be correct if the record showed on the part of Tinstman's [bankrupt's] assignee knowledge of the facts or wilful blindness in relation to them." (Italics are the writer's.)

In *Dewey* v. *Moyer* (72 N. Y. 70) it was held that when an assignee in bankruptcy refuses to act or to bring suit to reclaim property fraudulently transferred by the bankrupt, creditors of the bankrupt are permitted to bring such action to reach the property. I think where, as in the case at bar, it clearly appears and it is undenied that when the trustee in bankruptcy was acting he had full knowledge of all of the facts upon which plaintiff herein seeks to recover and failed to act thereon, obtaining his discharge without proceeding to recover the securities mentioned for the benefit of the estate, that then a creditor would have a right to move to recover said assets. It seems to me beyond question that the bankruptcy court never acquired any jurisdiction or possession of the securities described in the complaint. This property was not in the hands of the bankrupt at the time of the filing of the petition in bankruptcy, and, therefore, did not come into the hands of the trustee. The bankruptcy court had exclusive jurisdiction only of the proceedings before it. It took no exclusive jurisdiction as to controversies arising out of said proceedings.

That the exclusive jurisdiction of the bankruptcy court does not extend to all suits at law or in equity, affecting a bankrupt's estate, is apparent from section 23, paragraph a, of the Bankruptcy Act (U. S. Code, tit. 11, § 46, ¶ a), which provides that "The United States District Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." (*United States Fidelity Co.* v. *Bray*, 225 U. S. 205.)

It seems to me there is nothing to the claim that the plaintiff was stayed by the *ex parte* order of the referee in bankruptcy. Certainly the referee had no jurisdiction to grant the order affecting matters without the territorial limits of his jurisdiction, which in the present case was the Northern District of New York. Any order attempting to stay an action pending outside of its territorial limits is null and void. (*Babbitt* v. *Dutcher*, 216 U. S. 102; *Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 id. 300.) The present case is based upon a fraud on the part of the bankrupts prior to their bankruptcy. The action is not any proceeding in the bankruptcy court. In the case of *Matter of Vadner* (259 Fed. 614) the court said (at p. 638), with reference to actions to set aside fraudulent conveyances: " Obviously, suits for the recovery of fraudulently or preferentially conveyed property of the bankrupt in the possession of third parties claiming adversely are not proceedings in bankruptcy, but controversies at law or in equity. Neither do they come within the provisions of section 11, authorizing a court of bankruptcy to stay a pending suit against a bankrupt upon a claim from which a discharge in bankruptcy would be a release." (Citing cases.)

I think there is no merit whatever in the appeal of defendants. A good cause of action was stated in the complaint, and the rights of the parties can only be determined upon a trial.

If plaintiff is able to establish the allegations of the complaint, a barefaced fraud will be revealed whereby the defendants, appellants, have attempted to defeat the honest and just claims of creditors. Courts should be slow to countenance such an attempt. The granting of the defendants' motion would probably result in the loss to plaintiff of his claim, to the enrichment of the perpetrators of the fraud.

The order appealed from should be affirmed, with ten dollars costs and disbursements to plaintiff, respondent, against defendants, appellants.

MARTIN, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.