CHARLES R. BROWN and JAMES S. GUGINO, a Copartnership Doing Business under the Name and Style of BROWN & GUGINO, Appellants, *v.* NELLIE K. McCRUDEN, Individually and as Executrix, etc., of JOHN McCRUDEN, Deceased, and Others, Defendants, Impleaded with JAMES GERVAISE and ANTHONY GERVAISE, Respondents.

Fourth Department, April 1, 1936.

*William S. Stearns,* for the appellants.

*Robert M. Hitchcock,* for the respondents.

TAYLOR, J.   Plaintiffs began a mechanics' lien foreclosure action against defendants Gervaise and others early in December, 1930. The action went to trial in March, 1932, and resulted, among other things, in the entry of an order of confirmation and in a deficiency judgment against defendants James and Anthony Gervaise in November, 1932, on their default.   Meanwhile said defendants, individually and as copartners, were adjudicated bankrupts December 9, 1930, and were discharged in bankruptcy in May, 1931. In November, 1933, said defendants made a motion to have the deficiency judgment against them canceled and discharged of record under section 150 of the Debtor and Creditor Law.   At Special Term this motion was denied but the judgment in the mechanics' lien action was ordered vacated as to said defendants and they were given permission to plead their discharge in bankruptcy. This was done.

In October, 1933, a summons and so-called "amended complaint" were served by these plaintiffs upon defendants Gervaise to set aside a claimed fraudulent conveyance of real property alleged to have been made October 4, 1930, by James Gervaise and Mary, his wife, it being alleged in the reply, among other things, that this real property was not placed in any schedule of assets in the bankruptcy proceeding and that no trustee was appointed in that proceeding.   Defendants served answers to this complaint and plaintiffs served a reply.   The mechanics' lien action, thus opened,

went to trial at Special Term of the Supreme Court and after testimony taken, a judgment was entered, from which this appeal is taken, dismissing the complaint as to defendants James and Anthony Gervaise. On this trial plaintiffs made some offers with respect to the pleadings and papers involved in their new action to set aside the claimed fraudulent conveyance of real property but no testimony was presented as to that issue.

Under this record appellants have made no showing sufficient to obtain an adjudication as to their claim of a fraudulent transfer by James and Mary Gervaise or their claim of a right of action remaining in them as creditors because the property alleged to have been transferred was not listed in the schedule of assets in the bankruptcy proceeding and no trustee was appointed. What further rights, remedies or procedure may be available to appellants, we are not called upon to say. (See, however, *Rice* v. *Chapman*, 234 App. Div. 279, 283.) We simply find that on this record the Special Term was compelled to grant judgment to the defendants James and Anthony Gervaise in the matter of discharging of record the deficiency judgment against them.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment affirmed, with costs.