### In re MOULDING-BROWNELL CORPORATION.

### NATIONAL BUILDERS BANK OF CHICAGO v. SCHWARTZ.

#### No. 6710.

Circuit Court of Appeals, Seventh Circuit.
Feb. 1, 1939.

G. L. Wire, of Chicago, Ill., for appellant.

Otis F. Glenn, J. Roy Browning, and Raymond G. Real, all of Chicago, Ill. (Richard Rex Parkin, of Chicago, Ill., of counsel), for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

The issues on this appeal concern the power of the District Court to direct the trustee in a *summary proceeding* to collect debtor's accounts receivable, previously pledged and assigned to appellant to secure advances made by it, against and over the objection of said appellant. The order was entered on the pleadings. No evidence was taken.

The proceedings in bankruptcy (commonly called 77B, 11 U.S.C.A. § 207, proceedings) were instituted, March 8, 1938. Previously, debtor, being pressed for money, had separately assigned and pledged certain accounts receivable to appellant as collateral for moneys loaned. This was done in numerous instances to enable it to carry on its business, to purchase materials, etc. An audit disclosed that in some instances the same accounts receivable or portions thereof were assigned to two or more creditors. The general plan of the debtor was to borrow money and to assign to the creditor its accounts receivable, to secure its loan. In fact, it borrowed from

seventeen different lenders. Appellant was the sole owner of one note. It advanced $25,000 between December 31, 1937, and February 11, 1938, upon which a balance of $15,343.14 remained due and unpaid when these proceedings were instituted. Accounts receivable of the face value of $37,382.30 had been pledged as security for appellant's loan. On these accounts $531.45 had been collected by appellant between April 21 and May 9, 1938, and $3,360.09 collected by the trustee. Appellant's pleading asserts that the pledged accounts are insufficient to pay the indebtedness due it because of set-offs by the debtor's customers, double pledging, etc.

The order of the court which is here involved directed appellee, the trustee of the debtor's (bankrupt's) estate, to notify all whose debts were assigned, to pay their indebtednesses to said trustee who was to deduct one and one-half percent for collection charges and keep the sums collected in separate accounts to await the further order of the court.

It is apparent that the order in question was not intended as a final disposition of the matters in controversy, but was what might be called a *status quo* order, which was necessary to permit the trustee, the debtor, and other creditors to ascertain whether a fair reorganization was likely and feasible. Notwithstanding the court made its order without evidence, we are convinced that, viewed as a temporary one, it was not necessarily improper, even though we accept, as we do, all the allegations of appellant's answer. Nothing in the order suggests that the estate will be held until its assets will be depleted or exhausted, but on the contrary, the order breathes good faith and a sincere effort to protect creditors and, if possible, effect a reorganization of the debtor. With the exercise of discretion on the facts shown, this court will not and should not interfere. In re Monson, 7 Cir., 74 F.2d 411.

This disposition of the issue involving discretion brings us to the principal question in the case, a rather serious legal question—May the District Court *in a summary proceeding* direct collateral security in the possession of a creditor, against the latter's objection, to be turned over to a trustee for collection and a small fee deducted by the trustee for his expenses? In other words, what is the extent of the court's jurisdiction? Does its limited jurisdiction *in summary proceedings* exclude

the present controversy? Assuming jurisdiction exists in the court of bankruptcy, should it have acted on the pleadings, that is, without hearing any proof?

The answers to the foregoing questions seem to depend upon the nature and effect of appellant's holding of the collateral. Appellant relies upon In re Chicago & N. W. Ry. Co., debtor, 7 Cir., 86 F.2d 508. Appellee insists that the decision in Continental-Illinois National Bank & Trust Co. v. Chicago, R. I. & P. R. Co., 7 Cir., 72 F. 2d 443; Id., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, determines the controversy.

We are unable to avoid the force and effect of the Chicago, R. I. & P. R. Co. decision. There, as here, the securities whose sale was enjoined had been deposited by the debtor as collateral for a loan. There, as here, the physical possession of the collateral was in a creditor whose right to sell was being enjoined. In one respect the instant case is stronger than the Chicago, R. I. & P. R. Co. Case. There, the collateral was the obligation of the debtor. Here, the collateral consists of the accounts receivable of the debtor.

The debtor's title and ownership of the equity in the collateral are clear.

When the proceedings under section 77B were instituted the constructive possession of this property passed to the trustee. The court therefore had jurisdiction *in a summary proceeding* to act to protect the *res* of the estate. Appellant was not an adverse party. It did not dispute or challenge debtor's title to the equity. Its lien to the amount shown was conceded by the trustee. Appellant did not and could not dispute the debtor's title in and to the equity in said assigned accounts receivable.

The Chicago & N. W. Ry. Co., Debtor, Case may be readily distinguished because the bank claimed the fund and denied that debtor had any interest or equity therein.

As to the objection to the order because unsupported by proof, we confess it would have been better and more satisfying had evidence been received. If it were made to clearly appear that there was no value to the equity—that the debt for which collateral was deposited clearly and unquestionably exceeded the maximum amounts collectible from said accounts— there would have been no reason for the trustee's taking them over and attempting to collect them. Under such circumstances the court should direct the trustee to disclaim any interest in them or claim to them. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 584, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

The order under consideration was a temporary one. The advisability or practicability of a plan of reorganization should require only a few weeks at most for consideration. If this time estimate be not correct, the appellant may renew its application. There is nothing in the order which prevents the court from vacating it.

The order is affirmed, each side to pay its own costs.