Owen McGivern, J.
Plaintiff moves to strike certain defenses interposed by defendant as insufficient in law and defendant cross-moves to dismiss the complaint on the ground that this court lacks jurisdiction of the subject matter. Plaintiff, a factor, brought this action for an accounting of funds allegedly collected by defendant ABO Films, Inc., as revenues due under certain so-called “ station contracts ” with exhibitors of television films, produced by Babeo TV Productions, which funds were allegedly assigned to it by Babeo and Hal Eoach Studios as collateral security for the payment of loans made by plain *580 tiff to Babeo, Boach being a guarantor of these loans; Boach, in turn, is a wholly owned subsidiary of the Scranton Corporation.
It appears that Boach and Babeo are now in Federal bankruptcy reorganization instituted in the United States District Court for the Middle District of Pennsylvania. Bestraining orders have been signed in said court staying all persons from commencing any actions in any court, or proceeding with any actions concerning property owned by the debtors, and further restraining all persons from interfering with the cotrustees appointed therein.
Section 111 of the Bankruptcy Act (U. S. Code, tit. 11, § 511) provides that a bankruptcy court has exclusive jurisdiction of of the debtor and its property wherever located, and section 116 of the Bankruptcy Act (U. S. Code, tit. 11, § 516) enjoins actions by creditors which might interfere with the orderly conduct of the reorganization proceedings. (First Nat. Bank In Houston, Texas v. Lake, 199 F. 2d 524, 527-528 [1952], cert. denied 344 U. S. 914 [1953]; Matter of Cuyahoga Finance Co., 136 F. 2d 18, 20 [1943]; Rice v. Chapman, 234 App. Div. 279, 281 [1st Dept., 1932]; Weaver Sons Co. v. Burgess, 7 A D 2d 238, 241 [4th Dept., 1959].) Moreover, both Boach and Babeo have equities in the subject matter of the assignments made on November 13,1958 which cannot now, in view of the restraining orders, be disposed of outside of the bankruptcy proceedings. (Matter of Moulding-Brownell Corp., 101 F. 2d 664 [1939]; Frensdorf v. Stumpf, 30 N. Y. S. 2d 211 [1941].)
Accordingly, defendant’s cross motion to dismiss the complaint for lack of jurisdiction of the subject of the action is granted, and the court does not reach the questions raised by plaintiff’s motion directed to the sufficiency of the defenses interposed in defendant’s answer. Settle order.