■ 6-8 PELHAM PARKWAY CORP., Respondent, v RUSCIANO & SON CORP. et al., Appellants, and VILLAGE OF PELHAM MANOR, Respondent.—In an action for a judgment declaring that the plaintiff has the right to make use of a certain parking area, the defendants Rusciano & Son Corp., Secor Lane Corp. and P.V.E. Co. appeal from so much of a judgment of the Supreme Court, Westchester County (Reilly, J.H.O.), entered January 24, 1989, as, after a nonjury trial, held that a certain agreement entered into between the appellants and defendant-respondent Village of Pelham Manor constituted a zoning agreement pursuant to which the plaintiff has the right to use the off-street parking area in question.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

The defendants Rusciano & Son Corp., Secor Lane Corp. and P.V.E. Corp., were the developers of an industrial park in the early to mid-1950's, located in the defendant Village of Pelham Manor and identified as Lot 1 of Block 360. On November 27, 1953, after having completed construction of some buildings on the property, the appellants entered into an agreement with the Village whereby, in exchange for the granting of building permits to complete their plans for the industrial park, the appellants agreed to set aside 325,000 square feet of their property "for setbacks, roadways and automobile parking purposes, for the use of tenants and owners of the buildings erected and to be erected on Lot 1, Block 360". By a further agreement dated July 14, 1955, the 1953 agreement was amended by increasing the set aside area to a total of 337,300 square feet. The precise area to be set aside for parking and related uses appeared on a site map attached to the aforesaid agreements. From 1957 until 1976, a certain building on the appellants' property was leased to American Cystoscope Makers, Inc. (hereinafter Cystoscope).

Cystoscope transferred its option to purchase that building to Joseph Rustin's, Inc., by an agreement dated January 20, 1976. In June 1977 Joseph Rustin's, Inc., exercised this option to purchase the building, and subsequently leased it to the plaintiff in June 1978.

In 1984, the plaintiff began a series of interior renovations to the premises as a result of which it was cited for certain building violations, including a shortage of parking spaces on the property. The plaintiff then instituted the instant action, *inter alia,* for a judgment declaring that as a tenant of one of the buildings covered by the appellants' agreement with the Village, it has the right to use the common parking areas set aside pursuant to that agreement. At the nonjury trial of this action, uncontradicted testimony showed that in fact the plaintiff's employees and patrons had made use of the appellants' parking area since the start of their tenancy. In addition, the parties stipulated that the agreement entered into between the Village and the appellants in 1953, and amended in 1955, constituted a "zoning agreement".

The trial court properly concluded that the agreement entered into between the appellants and the Village was intended to give future owners and tenants of the buildings in question the right to use the area set aside as a common parking area. Therefore, the plaintiffs are clearly among the class of third parties intended to be benefitted by the agreement *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336; *see also, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44-45; *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.,* 131 AD2d 159, 161; Restatement [Second] of Contracts § 302 [1] [b]). In addition, the agreement sufficiently indicates that the parties envisioned that the owners and tenants of buildings on the property would have the right to enforce it *(see, Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 336; *cf., City of New York v Consolidated Edison Co.,* 114 AD2d 217; *see also, Nepco Forged Prods. v Consolidated Edison Co.,* 99 AD2d 508).

The appellants' assertion that the subsequent conduct of the parties to the zoning agreement evidences an intent that the agreement was not intended to apply to future purchasers of the buildings and their tenants is without merit. The bulk of the evidence presented at the trial concerned only the construction given to the agreement by Joseph Rustin's, Inc., and the plaintiff. The slight evidence proffered tending to show that the Village did not envision that the agreement would extend to future owners and tenants was wholly insufficient to

demonstrate that such was the construction to be given to the agreement. The circumstances surrounding the formation of the agreement were clearly probative of the true intent of the parties at the time it was signed *(see, Canick v Canick,* 122 AD2d 767; *see,* 22 NY Jur 2d, Contracts, § 193), and supported the conclusion of the trial court. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.