■ ULTRAMAR ENERGY LIMITED, Appellant, v CHASE MANHATTAN BANK, N. A., Respondent, et al., Defendants.

The plaintiff, Ultramar Energy Limited, contends that the Supreme Court erred in dismissing its second and third causes of action on the basis of documentary evidence presented by Chase *(see,* CPLR 3211 [a] [1]). As to the second cause of action, it is alleged that Chase, with knowledge of its debtor's poor financial condition, nonetheless enforced its security agreement against the debtor by receiving and retaining purported accounts receivable owing to the debtor from participants in a circular sale sequence oil trade. The plaintiff, one of the participants in this oil transaction, who had contracted to buy oil through the debtor, alleges it fully performed on their contract, but that the debtor was unable to reciprocate

because Chase interfered and took proceeds owing to the debtor in this circular sale sequence, thereby rendering the debtor financially unable to meet its obligations to the plaintiff. This alleged conduct by Chase, in attempting to protect its security interest, cannot be construed as malicious or carried out with the intent to harm the plaintiff. As such, the plaintiff has not made out a *prima facie* case for tortious interference with contracts. *(See, Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682.)

A triable issue of fact does exist, however, as to whether Chase was unjustly enriched by its alleged receipt and retention of purported accounts receivable owing to the debtor, which were associated with the circular sale sequence. Not only is there a question as to whether Chase was entitled to these proceeds in light of the debtor's non-performance of its contractual obligations and Chase's failure to cure such non-performance, but Chase, as a movant pursuant to, *inter alia,* CPLR 3211 (a) (1), has failed to meet its burden of submitting sufficient documentary proof of a legal right to proceeds connected with the circular sale sequence. "Rider X" of Chase's perfected security interest proclaims Chase to have an interest in accounts receivable of the debtor, or which are financed by Chase. Chase has provided no documentary evidence establishing that the debtor pledged or assigned its interest in the circular sale sequence proceeds to Chase, or that Chase financing contributed to accounts receivable due and owing to the debtor.

While, as the dissent notes, enrichment alone is insufficient to invoke the powers of equity, the doctrine of unjust enrichment does not require wrongful conduct by the one enriched *(Simonds v Simonds,* 45 NY2d 233), only that "the enrichment be unjust" *(McGrath v Hilding,* 41 NY2d 625, 629). Since the plaintiff maintains that Chase retained proceeds to which it was not entitled, a triable issue of fact exists as to whether it was unjustly enriched. Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.

Wallach, J., dissents in part in a memorandum as follows: I agree with the majority that the IAS court correctly dismissed the second cause of action for tortious interference with contract. A party is, after all, privileged to interfere with performance of a contract in order to protect a right equal or superior to the plaintiff's, inasmuch as such a showing would overcome the element of malice which is necessary to such a claim *(Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682). "Such a cause of action requires the existence of a valid contract

between the plaintiff and a third party, the defendant's knowledge of that contract, and its intentional interference with the performance of that contract by the third party *without justification" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 108 AD2d 351, 354 [emphasis added]).

By the same token, plaintiff's third cause of action for unjust enrichment requires a showing that "the enrichment be unjust" *(McGrath v Hilding,* 41 NY2d 625, 629). If Chase Manhattan Bank was justified in interfering with the financial relationship between plaintiff and Drexel Burnham Lambert to the extent of the Chase credit, it stands to reason that Chase was not unjustly enriched by that act. Where a first creditor is simply more diligent than a second in collecting from a debtor who is separately obligated to both, the first is not unjustly enriched at the expense of the second. The diligent creditor (here Chase) has received no "benefit" by reason of the inaction of the passive creditor (here plaintiff) save strictly by the former's own exertions. Nor is plaintiff to be "restored" to its never-left original position—an essential element of the unjust enrichment recovery which plaintiff is seeking. Thus the remedy of restitution, the essence of which is unjust enrichment, will not lie *(see,* Restatement of Restitution § 1).

Furthermore, we cannot ignore the fact that Drexel's debtor status is now the subject of bankruptcy proceedings. The gist of plaintiff's claim is that Chase collected its debt by enforcing a security interest (an assignment of accounts receivable) beyond its entitlement under that instrument; it therefore received a preferential payment as a mere general, rather than a secured, creditor. Or, to put it another way, plaintiff contends that Chase's security interest was insufficiently perfected. Litigation of that claim is solely a matter for the bankruptcy trustee, and determination thereof is exclusively within the jurisdiction of the Drexel bankruptcy court *(see, Reldan Trading Corp. v ABC Films,* 21 Misc 2d 579). Resort to the New York courts in an effort to establish priority of claims against the debtor would thus improperly interfere with the function of the bankruptcy court *(Frommer v Frommer,* 104 AD2d 726).

Accordingly, I would affirm the dismissal of both the second and third causes of action.