■ RUSCIANO & SON CORP. et al., Plaintiffs, v JOSEPH RUSTIN'S, INC., et al., Defendants. [618 NYS2d 107] —Action pursuant to CPLR 3222 upon an agreed statement of facts to hold the defendants liable for a pro rata share of the maintenance and carrying costs of a certain common parking area located in the subject industrial park.

Adjudged that the defendants are under no obligation to reimburse the plaintiffs for the maintenance or carrying costs of the common parking area, with costs to the defendants.

We held in *6-8 Pelham Parkway Corp. v Rusciano & Son Corp.* (170 AD2d 497), that the zoning agreement entered into between the plaintiffs in this action and the Village of Pelham Manor in 1953, as amended in 1955, was intended to give future owners and tenants of buildings in the plaintiffs' industrial park, such as the defendants in this action, the right to use that area of the site set aside "for setbacks, roadways and automobile parking purposes." The plaintiffs now contend that the defendant Joseph Rustin's, Inc., as owner of one of the buildings in the industrial park, and Cornerstone Metrofit Corp., as a tenant of the building, should be held liable for a

pro rata share of the plaintiffs' costs in carrying and maintaining this common area. The plaintiffs rely upon the equitable principle of unjust enrichment in support of their position. We find this contention to be without merit. The facts demonstrate that the plaintiffs transferred title to the building in question with full knowledge of their promise to the Village of Pelham Manor that future owners and tenants, such as the defendants herein, would be entitled to the use of the common area for the purposes enumerated in the zoning agreement. This promise was given in exchange for the granting of building permits for the plaintiffs' industrial park. Despite this fact, the plaintiffs attempted to terminate the defendants' rights under the zoning agreement by retaining ownership of virtually the entire common area and denying the defendants the right to use it. Under these circumstances, it cannot be said that any alleged enrichment enjoyed by the defendants has been unjust (see, McGrath v Hilding, 41 NY2d 625, 629). Had the plaintiffs chosen to abide by the terms of the zoning agreement, they could have made provisions for the relief now sought in conjunction with the sale of the building. In any event, the plaintiffs gave up nothing of value to the defendants, since the defendants were already entitled to use the common areas pursuant to the zoning agreement (see, Erlitz v Segal, Liling & Erlitz, 142 AD2d 710; Stone v Solarbrite, Inc., 128 AD2d 696; see also, Ultramar Energy v Chase Manhattan Bank, 179 AD2d 592). The plaintiffs' unjust enrichment cause of action is therefore without merit. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.